**Irene HURT, Appellant,**

v.

**DOW CHEMICAL COMPANY; Rose Exterminator Company, Appellees.**

No. 91–2821.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1992.

Decided May 12, 1992.

Rehearing and Rehearing En Banc Denied July 2, 1992.

Mary E. Coffey, St. Louis, Mo., argued, for appellant.

Paul N. Venker, St. Louis, Mo., argued (Frank N. Gundlach and Mary C. Kickham, on the brief, for appellee Dow Chemical Co.

Gary E. Wiseman, St. Louis, Mo., argued (John D. Warner, Jr., on the brief), for appellee Rose Exterminator Co.

Before ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

ARNOLD, Chief Judge.

This case presents two questions: whether this lawsuit brought by the plaintiff Irene Hurt in a Missouri circuit court was properly removed to federal court; and if so, whether the District Court erred in holding that certain of plaintiff's claims were preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq.* Since we hold that removal was improper here, neither the District Court nor we have jurisdiction to reach the second question. We reverse and remand to the District Court with directions to remand the case to the state court.

In March of 1990, Irene Hurt filed suit in a state circuit court against Dow Chemical Co. and Rose Exterminator Co. for personal injuries allegedly resulting from exposure to the pesticide Dursban. Dow manufactured Dursban, and Rose applied it at the federal courthouse in St. Louis, where the plaintiff worked. The plaintiff claimed that Dow and Rose failed to warn her of the dangers of the pesticide, and that Rose failed to use ordinary care in applying it.

In April 1990, Dow, with Rose's consent, filed a petition to remove the case to federal court on the basis of federal-question removal jurisdiction. See 28 U.S.C. § 1441. The federal question asserted ·was that plaintiff's claims were pre-empted by FIFRA. After removal, Dow filed a motion to dismiss plaintiff's failure-to-warn claim on the ground that it was pre-empted by FIFRA. The District Court granted the motion on September 28, 1990, but specifically stated that any other state-law claims which plaintiff might have were not pre-empted. Plaintiff then filed a motion for leave to file an amended complaint, which was granted on March 8, 1991. Shortly thereafter, she filed an amended complaint, consisting of five counts, including the failure-to-warn claim. A week later, she moved to remand the case to state court,

asserting that the case had been improperly removed on federal-question grounds. The District Court denied the motion, holding that removal on federal-question grounds was proper at the time of removal, Hurt "waived any non-jurisdictional objection to the impropriety of removal," *Hurt v. Dow Chemical Company*, No. 90–0783–C(3), slip op. 3 (E.D.Mo. May 22, 1991), and that diversity jurisdiction existed even if federal-question jurisdiction did not. Hurt then voluntarily dismissed her remaining claims and appealed to this Court.

The sole question we address here is, was removal proper? The defendants argue that it was proper because the FIFRA pre-emption defense gave the District Court federal-question jurisdiction, and, in the alternative, because the Court had original diversity jurisdiction (or would have had it if plaintiff had originally filed her action in the District Court). If the defendants are wrong, and we believe that they are, the District Court erred in failing to grant plaintiff's motion to remand.

■ What is required to invoke federal-court jurisdiction depends on whether it is the plaintiff or the defendant who wants to invoke it. A plaintiff may bring suit in federal court if her claim "arises under" federal law. See 28 U.S.C. § 1331. Even if it does not, she may bring a state cause of action in federal court if she is suing a citizen of a state different from her own. See 28 U.S.C. § 1332. In both of these situations, the court has original jurisdiction. While a defendant, of necessity, cannot invoke the federal court's original jurisdiction, it may, in some situations, invoke the court's removal jurisdiction. Because the requirements to invoke the court's removal jurisdiction are often identical to those for invoking its original jurisdiction, confusion in this area of the law is common. The requirements for both relate to the same end, that is, federal jurisdiction. They are not, however, alternative means for a defendant to reach that end. Defendants must come within the court's removal jurisdiction. The concept of original jurisdiction has no meaning with respect to a defendant.

■ We first address the defendants' initial ground for removal, federal-question removal jurisdiction. Title 28 U.S.C. § 1441(a) allows a case to be removed if "the district courts of the United States have original jurisdiction." Defendants rely first on 28 U.S.C. § 1331, granting jurisdiction "of all civil actions arising under" federal law. The defendants argue that the federal defense of pre-emption of plaintiff's claims by FIFRA causes the case to "arise under" federal law. We note, as do the parties, that there is a longstanding limitation on this jurisdictional ground called the well-pleaded complaint rule. Under this doctrine, an action "arises under" federal law only if the federal question appears on the face of a properly pleaded complaint. In other words, "a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case," *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983), does not cause the plaintiff's claim to arise under federal law.

■ The defendants claim, however, that this case fits into an exception known as the "complete pre-emption doctrine." The Supreme Court has held on rare occasions that federal law is so dominant in a particular area, the pre-emptive force of a federal statute so "extraordinary," that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987) (holding that section 502(a)(1)(B) of ERISA completely pre-empts the field). In such a situation, the federal law so occupies the field that any complaint alleging facts that come within the statute's scope necessarily "arises under" federal law, even if the plaintiff pleads a state-law claim only. It is not just that a pre-emption defense is present: the claim is completely federal from the beginning.

■ In the present case, however, this is not true. No one claims that plaintiff would have a FIFRA-created cause of action for the facts she alleges. Defendants argue that the language in FIFRA forbidding states from "impos[ing] or con-

tinu[ing] in effect any requirements for labelling or packaging" of pesticides shows Congress's intent to pre-empt state authority completely in the area of labelling, packaging, and warning. See 7 U.S.C. § 136v(b). Even if the defendants are correct, this does not mean that removal was proper. It means only that there may be a good federal preemption defense. We do not agree that this section standing alone meets the Supreme Court's definition of "complete pre-emption." Furthermore, we see no other indication that Congress intended to dominate the field of pesticide regulation so completely that a complaint like plaintiff's necessarily states a federal cause of action. In fact, the Supreme Court has recently held that FIFRA has not pre-empted the field of pesticide regulation. *Wisconsin Public Intervenor v. Mortier,* —— U.S. ——, ——, 111 S.Ct. 2476, 2487, 115 L.Ed.2d 532 (1991).

■ Defendants next argue that even if removal based on federal-question jurisdiction was improper, the fact that the District Court would have had diversity jurisdiction if the case had been filed there initially cures the impropriety. The parties do not dispute that when the plaintiff filed this action, the parties were diverse. Irene Hurt was a citizen of Illinois, Dow was a citizen of Delaware, and Rose was a citizen of Missouri. Therefore, Hurt could have filed this suit in federal court in the first instance, and the federal court would have had original jurisdiction. This case, however, was not originally filed in federal court. Hurt chose to file it in state court, as she had a right to do. In order for Dow and Rose to invoke the jurisdiction of the federal court, they must meet the statutory requirements for removal jurisdiction. Title 28 U.S.C. § 1441(b) makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed. As we have stated, defendant Rose is a citizen of Missouri. The fact that Irene Hurt could have invoked the original jurisdiction of the federal court initially is irrelevant. She did not. The jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. See *Continental Cablevision v. United States Postal Service,* 945 F.2d 1434, 1435 (8th Cir.1991). If one of the statutory requirements is not met, the district court has no jurisdiction.

■ The defendants rely on *Recchion ex rel. Westinghouse Electric Corporation v. Kirby,* 637 F.Supp. 290 (W.D.Pa.1986), to support their assertion that plaintiff waived any right to object to the impropriety of removal. On facts strikingly similar to those in this case, the *Recchion* court upheld removal. The defendants in *Recchion* improperly removed on federal-question grounds, but when challenged *sua sponte* by the district court and subsequently by the plaintiff, they argued that diversity jurisdiction existed. As in our case, the plaintiff argued that because one of the defendants was a resident of the forum state, removal on diversity grounds would have been improper. The District Court upheld the removal, stating that the plaintiff had waived any objection to removal and that diversity jurisdiction existed.

We respectfully disagree with the *Recchion* court. Its decision was an unwarranted extension of the Supreme Court's decision in *Grubbs v. General Electric Credit Corporation,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). The *Grubbs* Court held that

> where after removal a case is tried on the merits *without objection* and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

405 U.S. at 702, 92 S.Ct. at 1347 (emphasis ours). In order to understand exactly what the Court meant by that statement, one must understand the facts in *Grubbs.* Neither party in *Grubbs* ever questioned the propriety of removal or the jurisdiction of the district court. After the district court had issued a final judgment on the merits, the plaintiff appealed to the Fifth Circuit. The court of appeals, on its own motion, questioned the jurisdiction of the district court, eventually held that removal was not

authorized, and remanded the case to the state court in which it was initially filed. In reversing the Fifth Circuit's decision, the Supreme Court expressly relied on the fact that the plaintiff had never objected to removal in the district court. In the case before us, the plaintiff did object to the removal in the District Court. This fact makes *Grubbs* inapplicable here. Since subject-matter jurisdiction is not a mere procedural irregularity capable of being waived,[1] and *Grubbs* does not apply to these facts, the District Court did not have jurisdiction over these parties.

We hold that the District Court had no jurisdiction to hear this case. The case was improperly removed. Consequently, we reverse the judgment and remand the case to the District Court with directions that it remand the case to the state court in which the plaintiff initially filed this action.

It is so ordered.

---

1. The defendants argue that we must affirm to avoid a conflict with our opinion in *Nolan v. Prime Tanning, Inc.,* 871 F.2d 76 (8th Cir.1989). We disagree. In *Nolan* the case fell squarely within the District Court's removal jurisdiction. One of the defendants, however, did not join in the removal petition. We affirmed the District Court's refusal to remand the case to state court and its holding that the plaintiffs had waived the defect. That defect was procedural. In the present case, by contrast, there is an absence of subject-matter jurisdiction. A jurisdictional defect, unlike a procedural defect, cannot be waived.