869 F.Supp. 745 (1994)
Norvell CARROLL, Plaintiff,
v.
GOLD MEDAL OF TENNESSEE, INC., Defendant.
No. 4:94CV749SNL.
United States District Court, E.D. Missouri, Eastern Division.
December 6, 1994.
Christopher C. Oelzen, Librach and Rothman, Clayton, MO, for plaintiff.
Robbye Hill Toft, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the plaintiff's motion to remand (# 15), filed September 21, 1994. On November 15, 1994 the Court directed defendant Gold Medal to show cause why the motion to remand should not be granted. On November 30, 1994 defendant Gold Medal filed its response to the Court's show cause order (# 17).
Plaintiff's motion for remand avers that removal was improper and this Court lacks diversity jurisdiction because defendant Venture Stores, Inc. has its principal place of business in Missouri (plaintiff is a Missouri resident). Defendant Gold Medal argues that the presence of a home state defendant is a procedural defect which plaintiff has now waived because he failed to file his motion to remand within thirty (30) days of removal.[1]
*746 Title 28 U.S.C. § 1447(c), which was amended in 1988 to provide a specific time limit for filing motions to remand, states:
A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).
The Commentary on 1988 Revision of Section 1447 states [in reference to § 1447(c)]:
The change in subdivision (c) imposes a 30-day limit on the time the plaintiff has to move the federal court to remand a case after it has been removed from a state court if the basis for the remand motion is a mere defect in the procedure used in the removal process. An example of such a defect would be where the case was removed too late under subdivision (b) of § 1446.
. . . . .
If the defect is not one of mere procedure, but goes to subject matter jurisdiction, as where a case was removed on the basis of diversity of citizenship and it turns out that complete diversity is lacking, there is no time limit on the motion to remand. It may be made at any time. That was the rule before the amendment.
Defendant Gold Medal contends that the presence of a home defendant is a "procedural defect" which plaintiff should have raised within 30 days of the filing of the notice of removal. Since plaintiff's motion was filed approximately five (5) months after the filing of the notice of removal, defendant contends that plaintiff has "waived" his objection to the removal.
Although defendant's argument has been accepted by courts outside this circuit, the fact remains that in this circuit the presence of a home state defendant is not considered a "procedural defect", but rather a "jurisdictional defect" which may be raised at any time. Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145-46 (8th Cir.1992). In Hurt, the Eighth Circuit Court of Appeals equated diversity jurisdiction in removal cases to the court's original subject-matter jurisdiction. It found that if the statutory requirements for removal jurisdiction were not met, then the district court has no jurisdiction. Id., at 1145.
"Title 28 U.S.C. 1441(b)[2] makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed ... The jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. (Citations omitted). If one of the statutory requirements is not met, the district court has no jurisdiction."
Id., at 1145.
Defendant argues that Hurt is contrary to the majority of authority which holds that removal jurisdiction is not equivalent to subject-matter jurisdiction, and that the fact that a defendant is a citizen of the forum state is a procedural defect in removal subject to the 30-day limitation imposed by § 1447(c). Grubbs v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); Ravens Metal Products v. Wilson, 816 F.Supp. 427 (S.D.W.Va.1993); Veltze v. Bucyrus-Erie Co., 791 F.Supp. 1363 (E.D.Wis.1992). However, the Hurt Court did examine the Supreme Court's decision in Grubbs and found the factual background in Grubbs distinguishable from Hurt. In Grubbs, unlike in Hurt or the present case, the plaintiff never objected to removal; no *747 party ever questioned the propriety of the removal or the jurisdiction of the district court. The issue of the propriety of the removal was not raised until after the district court had issued a final judgment, and the appeals court raised the issue on its own motion.
Whether or not the Eighth Circuit Court of Appeals' holding in Hurt is in sync with its sister courts is not the issue here. This Court is bound to follow the established case-law in this circuit and finds no justifiable reason to divert from it. Since diversity jurisdiction in removal cases goes to the matter of subject-matter jurisdiction, it is "not a mere procedural irregularity capable of being waived", thus, plaintiff's motion to remand is timely. Hurt, at 1146.
As a final note, the Court wishes to address the defendant's contention that as the removing non-resident defendant (unlike the removing defendant in Hurt), it lacked knowledge of the fact that defendant Venture's principal place of business is in Missouri. This contention is meritless. On the face of the plaintiff's complaint, he clearly states that defendant Venture's principal place of business is located in Missouri and duly registered with Missouri's Secretary of State to do business in Missouri. Furthermore, plaintiff's claim alleges injuries suffered due to an allegedly defective stool sold by defendant Venture in one of its stores in the City of St. Louis, Missouri. Clearly, there were sufficient facts pleaded in plaintiff's complaint to put defendant Gold Medal's Missouri attorney on notice that diversity jurisdiction was lacking.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand (# 15), filed September 21, 1994 be and is GRANTED. This cause of action is hereby REMANDED to the Circuit Court for the City of St. Louis.
NOTES
[1] Plaintiff's lawsuit was originally filed in state court and served upon defendant Gold Medal on April 6, 1994. Defendant Gold Medal filed its Notice of Removal on April 15, 1994. Plaintiff's first motion to remand was filed on June 20, 1994; it was denied as untimely on July 21, 1994. The plaintiff's ground for remand in this first motion was lack of the required jurisdictional amount. Plaintiff attempted to file for a second time a motion to remand on July 26, 1994; it was denied as untimely on August 3, 1994. The instant motion for remand raises for the first time the issue of lack of diversity jurisdiction. As for defendant Venture, the Court is unclear as to its status, i.e. whether or not it was ever served while this action was pending in state court, or if it has been served now that this action is in federal court. Although the parties' certificate of service on their pleadings list an attorney for defendant Venture, there is no entry of appearance for this attorney (or any attorney on behalf of Venture) in the court file.
[2] 28 U.S.C. § 1441(b) states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.