# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1199

_____

| | | |
|---|---|---|
| Thomas A. Horton, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Katherine A. Conklin; Norman S. | * | |
| Redhead; Stephen W. Templar; | * | |
| | * | |
| Defendants, | * | |
| | * | Appeal from the United States |
| Steven T. Waugh; | * | District Court for the |
| | * | Western District of Missouri. |
| Defendant-Appellant, | * | |
| | * | |
| Church of the Holy Cross Episcopal; | * | |
| National Epileptic Foundation; St. | * | |
| Philips Episcopal Church and Outreach; | * | |
| Alison Horton Waldrip; Caring Friends | * | |
| of Denver; Lee Graber; Sylvia Graber; | * | |
| Steven Asay, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: October 13, 2005
Filed: December 8, 2005

_____

Before LOKEN, Chief Judge, LAY, and BENTON, Circuit Judges.

_____

LAY, Circuit Judge.

Steven Waugh appeals the decision of the district court[1] remanding this case to state court for lack of federal subject matter jurisdiction and denying Waugh's motion to dismiss other defendants. We affirm.

## I.

Thomas Horton, a citizen of Maine, brought a petition to construe a trust in the circuit court of Grundy County, Missouri. Horton named twelve defendants. Three of the named defendants reside in Missouri and were served in Missouri. The other nine defendants reside in other states. The trust in question was created by a married couple, as co-trustees, to dispose of their assets upon their deaths. Horton and eleven of the twelve defendants are beneficiaries of the trust.[2] Horton brought a petition to construe the trust because the co-trustees had altered the trust a number of times, creating uncertainty regarding how the trust should be administered.

Horton brought his petition to construe the trust on September 24, 2004. Waugh, a citizen of Arizona, timely filed a Notice of Removal based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(i). He did not join any other defendants in his motion. On November 17, 2004, a federal district court judge issued an order expressing concern that the court "may not have jurisdiction to hear this case." The judge noted that three of the named defendants appeared to be citizens of Missouri and stated that if any defendants had been served in state court proceedings, removal would be improper due to lack of jurisdiction. The order directed Horton to file a

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

[2]The twelfth defendant is named in the trust because he was a financial advisor to the trustees and has a copy of the trust.

brief "addressing whether any Missouri citizen defendants have been served in the underlying state cause of action."

On November 22, 2004, Horton filed a brief in reply to the district court's order stating that three of the defendants had been served in Missouri. Horton did not, however, file a motion to remand. On December 2, 2004, Waugh filed a reply brief in which he asserted that the other defendants were not required to join in removal because they had not responded to the complaint and were therefore nominal defendants. Waugh also filed a motion requesting that the federal district court dismiss all defendants that had not filed answers, arguing that these defendants were in default and should be dismissed.

The district court denied Waugh's motion to dismiss the other defendants and remanded the case to Missouri state courts due to a lack of complete diversity.

II.

We first note that Waugh's motion to remove was apparently defective from the outset due to his failure to join all defendants as required by our court's interpretation of 28 U.S.C. § 1446. See Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 755 n.2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."). Although Waugh's failure to join the other defendants appears to be dispositive, we nonetheless consider the merits of his argument that, because Horton did not bring a motion to remand within thirty days of Waugh's motion to remove, he waived his right to have the case remanded to state court.

We must first determine whether our court has jurisdiction to review the district court's remand order. Under the so-called "forum defendant rule," a non-federal question case "shall be removable only if none of the parties in interest properly

-3-

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Congress has limited the power of appellate courts to review remands by district courts, stating that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). In Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995), the Supreme Court clarified that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Section 1447(c) provides in relevant part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Accordingly, our court lacks jurisdiction to review remand orders that are based on procedural defects brought within thirty days or jurisdictional defects raised at any time before final judgment is entered. Things Remembered, 516 U.S. at 127-28.

Waugh argues that the violation of the forum defendant rule constitutes a procedural defect. Thus, according to Waugh, because Horton did not bring a motion to remand within thirty days, he waived his right to have the case remanded to state court. We disagree.

Waugh's assertion that the violation of the forum defendant rule constitutes a procedural defect is contrary to this circuit's precedent. In Hurt v. Dow Chemical Company, 963 F.2d 1142, 1146 (8th Cir. 1992), we held that the violation of the forum defendant rule is a jurisdictional defect and "not a mere procedural irregularity capable of being waived."Waugh points out that other circuits have held to the contrary that the violation of the forum defendant rule is a procedural, nonjurisdictional defect, and urges us to abandon our reasoning in Hurt. See, e.g.,

-4-

Hurley v. Motor Coach Indus., 222 F.3d 377, 379 (7th Cir. 2000). We believe, however, that Hurt sets forth the better rule. Accordingly, we hold that Waugh's violation of the forum defendant rule constituted a jurisdictional defect. As such, because "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal," 28 U.S.C. § 1447(d), we lack jurisdiction to review the district court's order remanding the case at hand to state court.[3]

## III.

We now turn to Waugh's argument that the district court erred in denying his motion to dismiss the other defendants in the case. According to Waugh, the defendants who failed to answer "should have been dismissed as nominal or dispensable parties," leaving Waugh as the only defendant and establishing complete diversity. As Waugh sees it, all of the other defendants are "nominal" because their "only interest in the suit was as named beneficiaries of the subject Trust."

Federal Rule of Civil Procedure 21 provides in relevant part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." The United States Supreme Court has stated that "it is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). The Court has also stated that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction

---

[3]It should be noted that Waugh's argument that Horton waived his right to have the case remanded by failing to file a motion to remand within thirty days fails to acknowledge that Horton demonstrated, per the district court's order, that Missouri defendants had been served within the thirty day window Horton had to file a remand motion. Thus, even if this case had been reviewed under the rule that the forum defendant rule is nonjursidictional, Waugh could not have prevailed, as Horton's compliance with the district court's order arguably obviated the need to file a motion to remand.

must be real and substantial parties to the controversy." <u>Navarro Sav. Ass'n. v. Lee</u>, 446 U.S. 458, 460 (1980).

In the case at hand, Horton was designated as the successor trustee by a "letter of instruction" attached to the trust. Horton then brought an action to construe the trust because he was "unable to ascertain with a full degree of certainty, the nature and extent of the written trust documents to which should be relied upon in the further administration of the trust and eventual distribution thereof." Petition to Construe Trust ¶ 14. It appears that eleven of the twelve defendants in this case will be affected to varying degrees by the court's interpretation of the trust, as each was named as a beneficiary at one point in the trust's much-altered existence. Thus, on the face of the pleadings, none of the defendants are dispensable, as they all were at one time beneficiaries to the trust. Determining which beneficiaries, if any, are dispensable requires an evaluation of the case on the merits by the district court. Accordingly, the district court did not err in denying Waugh's motion to dismiss the other defendants in this case.

IV.

As a final matter, we address Horton's motion for sanctions against Waugh. Horton requests that this court impose sanctions for damages and costs against Waugh under Fed. R. App. P. 38, which governs frivolous appeals and provides in relevant part that "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Horton asserts that Waugh's motion for removal to state court and motion to dismiss were without merit because mandatory authority dictated the case could not be removed.

Our court has stated that an appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." <u>Newhouse v. McCormick & Co., Inc.</u>, 130 F.3d 302, 305 (8th Cir. 1997) (citing <u>Indianapolis Colts v. Mayor of</u>

Baltimore, 775 F.2d 177, 184 (7th Cir. 1985)).  We have also observed that "sanctions are appropriate where an appeal challenges district court decisions that are unquestionably supported by the great weight of the evidence and wholly in conformance with applicable law."  First Commercial Trust Co. v. Colts Mfg. Co., Inc., 77 F.3d 1081, 1084 (8th Cir. 1996) (citation and quotation omitted).

We first observe that Waugh's motion to remove was arguably defective from the outset due to his failure to join all defendants as required by our court's interpretation of 28 U.S.C. § 1446.  Further, as noted earlier, Waugh's argument that Horton waived his right to have the case remanded by failing to file a remand motion ignores the fact that Horton demonstrated that Missouri defendants had been served within the thirty day window to file a remand motion in accordance with the district court's order, which arguably obviated Horton's need to file said motion.

Overlooking these defects, Waugh's appeal rested on the premise that our court might overturn Hurt in light of contrary views expressed by other circuits.  Although there are grounds for us to conclude that Waugh's appeal challenged a district court decision that was "wholly in conformance with applicable law," given the disagreements among the circuits regarding the nature of the forum defendant rule violations, we decline to impose sanctions under Fed. R. App. P. 38.

_____