In re METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION.

This document relates to: Orange County Water District v. Unocal, et al., 04 Civ. 4968(SAS).

Master File No. 1:00–1898.
MDL No. 1358 (SAS).
No. M21–88.

United States District Court, S.D. New York.

Nov. 7, 2007.

Robin Greenwald, Esq., Robert Gordon, Esq., Weitz & Luxenberg, P.C., New York, NY, for Plaintiffs.

Peter John Sacripanti, Esq., James A. Pardo, Esq., McDermott Will & Emery LLP, New York, NY, for Defendants.

Michael Axline, Esq., Evan Eickmeyer, Esq., Miller, Axline & Sawyer, Sacramento, CA, for Plaintiff Orange County Water District.

### OPINION AND ORDER

SHIRA A. SCHEINDLIN, District Judge.

## I. INTRODUCTION

This multidistrict litigation ("MDL") involves over one hundred actions brought by various public and private entities that provide people with water. at various places in the United States. In each ac-

tion, plaintiffs have brought claims against oil companies for their use and handling of methyl tertiary butyl ether ("MTBE"), a chemical compound added to gasoline that has contaminated or threatens to contaminate their water. The actions were transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to section 1407 of title 28 of the United States Code.

The coordination of actions with a common nucleus of operative facts has obvious benefits. Among other things, it prevents various courts from expending resources making decisions that are, at the very least, duplicative and may cause fundamental conflicts with each other. Moreover, the court gains expertise about various matters related to the litigation as well as institutional knowledge as the case proceeds.

Of course, "the sheer volume of the proceeding may also overwhelm a court's ability to provide *any* plaintiff with relief in a timely and efficient manner."[1] For this reason, on October 19, 2004, I designated a handful of these cases as "focus actions" for early discovery and trial within the MDL. These focus actions include the actions brought by Orange County Water District ("OCWD"), the City of New York, the County of Suffolk and Suffolk County Water Authority, and United Water of New York.

OCWD now moves to remand to state court, relying on a recent Second Circuit decision to argue that its action was improperly removed.[2] However, OCWD's motion does not raise any challenge to this Court's subject matter jurisdiction nor does anything in the Second Circuit's opinion call into question this court's bankruptcy jurisdiction.

For the reasons that follow, OCWD's motion for remand is barred by section 1447(c) of title 28 of the United States Code.

## II. PROCEDURAL BACKGROUND

In the Spring of 2003, OCWD filed a complaint in the Superior Court of California, Orange County, against various oil companies as a result of the contamination, or threatened contamination, of their groundwater with MTBE. On December 5, 2003, defendants filed a notice of removal to the United States District Court for the Central District of California. On January 6, 2004, plaintiffs filed a motion to remand the action and, on the same day, defendants filed a motion to stay the proceedings pending the transfer of the action to this Court.

On January 23, 2004, District Judge James Selna granted the motion to stay for two reasons. *First*, a stay pending the transfer of action would avoid the risk of conflicting rulings.[3] *Second*, the court

---

1. *In re MTBE Prods. Liab. Litig. ("In re MTBE")*, Nos. 00 Civ. 1898, M21–88, MDL 1358, 2007 WL 1791258, at *2 (S.D.N.Y. June 15, 2007) (emphasis in original),

2. While OCWD repeatedly argues that this Court lacks "bankruptcy jurisdiction," the phrase "bankruptcy jurisdiction" obscures the difference between removal jurisdiction and subject matter jurisdiction. As the Supreme Court has noted, jurisdiction "is a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quotation marks and citation omitted). *Accord Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511,

126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). In its motion, OCWD is only referring to removal jurisdiction as the motion focuses solely on the meaning and application of section 1452 of title 28 of the United States Code ("section 1452"), the bankruptcy removal statute. *See* Plaintiff Orange County Water District's Motion to Remand at 2–11.

3. *See* 2/23/04 Order at 5 ("Defendants, on the other hand, claim the risk of conflicting rulings may be avoided by granting a stay. The risk is substantiated by the complexity of the legal issues involved in the jurisdictional analysis. The likelihood that multiple courts reach different conclusions is increased.").

found that "judicial economies will result from having one court rather than several decide the complex jurisdictional issues underlying Plaintiffs' motion to remand."[4]

The final transfer order was issued on June 16, 2004. Thirty days later, on July 15, 2004, OCWD joined with other plaintiffs from California in moving to remand. In this motion, plaintiffs argued that 28 U.S.C. § 1442 ("section 1442"), the federal officer removal statute, was not a proper basis for removing their actions to federal court or, if this Court held otherwise, it should certify the ruling for review by the Second Circuit under 28 U.S.C. § 1292(b).[5] In a series of opinions, I denied the motion to remand finding that the court had original subject matter jurisdiction over the actions and the defendants had properly removed them.

Almost three years later, on May 24, 2007, the Second Circuit issued its decision in *People of the State of California v. Atlantic Richfield Company, et al.* and *The State of New Hampshire v. Amerada Hess Corporation, et al.*[6] In its opinion, the Second Circuit held, *inter alia,* that two actions filed by the State of California and New Hampshire had not been properly removed under either the federal officer removal statute or the bankruptcy removal statute.[7] The Second Circuit therefore vacated this Court's order and remanded with directions to return the cases to the courts from which they were removed.

On August 1, 2007, OCWD filed its second motion for remand arguing that its action had been improperly removed for the same reasons asserted by the states of California and New Hampshire.[8] Thus, while OCWD restated its earlier challenge to the federal officer removal, it also raised, for the first time, a challenge to the bankruptcy removal. OCWD now claims that because it is a government entity exercising its police powers, defendants improperly removed the action.[9]

**4.** *Id.* The court also recognized that the plaintiffs faced potential prejudice in having the case transferred, but found that this did not outweigh the benefits of having one court decide the jurisdictional issues. *See id.*

**5.** OCWD did not challenge the removal based on the issue it now raises—*i.e.,* the exception to the bankruptcy removal statute that precludes the removal of actions brought by government entities enforcing their police or regulatory powers.

**6.** *See In re MTBE Prods. Liab. Litig. ("In re MTBE"),* 488 F.3d 112 (2d Cir.2007).

**7.** *See id.* at 136 ("Because the requirements of the applicable removal statutes have not been met, we vacate the order of the district court and remand with directions to return these cases to the forums from which they were removed."). In one of this Court's decisions cited and discussed by the Second Circuit, I held that this Court had core bankruptcy jurisdiction over the action. *See In re MTBE,* 341 F.Supp.2d at 414. The Second Circuit's opinion did not challenge this holding even though it was an issue the appellate court had an independent duty to analyze and determine if it had any doubt. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). *See also Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

**8.** Plaintiff's motion to remand is unopposed.

**9.** Whether OCWD's action was improperly removed under the bankruptcy removal statute is a close call. On the one hand, as I have explained in a separate opinion, special districts such as OCWD rarely have police or regulatory powers. On the other hand, OCWD points to some differences in its statutory power that might distinguish it from other special districts. Nonetheless, for the reasons stated below, I do not need to decide whether these differences are sufficient to qualify as "police or regulatory powers."

## III. OVERVIEW OF BANKRUPTCY JURISDICTION, ABSTENTION, REMOVAL AND REMAND

While the Bankruptcy Code is found in title 11 of the United States Code,[10] Congress's grants of federal jurisdiction are found in title 28. In particular, 28 U.S.C. § 1334 ("section 1334") provides district courts with "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[11] Thus, under section 1334, district courts have subject matter jurisdiction when the proceedings are (1) "under" title 11, (2) "arising under" a title 11 case, (3) "arising in" a title 11 case, and (4) "related to" a title 11 case.[12]

The last category involves the broadest grant of jurisdiction as a civil proceeding is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[13] This last category of cases is also typically called a "non-core" bankruptcy case, in contrast to a "core" case that "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[14]

Section 1334 also allows federal courts to abstain from exercising jurisdiction. Section 1334(c)(1) sets forth the criteria for deciding when to exercise discretionary abstention. In particular, a court may abstain from exercising jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law."[15] In contrast, section 1334(c)(2) sets forth the criteria for mandatory abstention in non-core cases:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[16]

While section 1334 grants jurisdiction to federal courts over cases involving a bankruptcy, it does not provide a procedural mechanism for removing cases from state to federal courts. Rather, Congress has provided the authority for removals through the enactment of specific statutes, most of which are located in sections 1441

---

10. *See* 11 U.S.C. §§ 101–1532.

11. 28 U.S.C. § 1334(a) & (b).

12. In addition, district courts "in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate." 28 U.S.C. § 1334(e).

13. *In re Pacor Inc.*, 743 F.2d 984, 994 (3d Cir.1984). *Accord Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (discussing *In re Pacor*); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 317 (S.D.N.Y.2003) ("The dominant standard for 'related to' jurisdiction is that set forth by

the Third Circuit in *In re Pacor, Inc.*") (citation omitted); *In re MTBE*, 341 F.Supp.2d at 411 n. 143 (citing *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 114 (2d Cir.1992), which adopted the "conceivable effect" standard for "related to" bankruptcy jurisdiction).

14. *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987). *Accord In re MTBE*, 341 F.Supp.2d at 411 (discussing the difference between core and non-core bankruptcy cases).

15. 28 U.S.C. § 1334(c)(1).

16. *Id.* § 1334(c)(2).

through 1453 of title 28 of the United States Code.[17] Section 1441(a) serves as the general federal removal statute, while other sections provide for the removal of actions involving federal officers[18] or members of the armed forces,[19] civil rights cases,[20] foreclosure actions against the United States,[21] class actions,[22] and cases involving a bankruptcy.[23]

■ Section 1452 permits removal of a bankruptcy case to a federal district court "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[24] However, a party may not use section 1452 to remove "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power . . . ."[25] A party may use section 1441 or section 1452, or both, to remove a case with federal questions and involving a bankruptcy.[26]

■ Section 1452 also allows a district court to remand a case that has been removed to it on bankruptcy jurisdiction on "any equitable ground."[27] The decision on whether to remand a case remains in the sole discretion of the district court as "[a]n order entered under [section 1452(b)] remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."[28]

Finally, in section 1447(c) Congress drew a distinction between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for any other reason.[29] That section places a thirty day deadline on motions to remand a case "on the basis of any defect other than subject matter jurisdiction," while a motion to remand for lack of subject matter jurisdiction can be made at any time.[30] Section 1447 applies to a motion to remand regardless of whether the action was removed under section 1441

---

17. These sections are collectively found in chapter 89 of title 28 of the United States Code. In contrast, Congress's grants of original subject matter jurisdiction are found in chapter 85 to title 28. *See* 28 U.S.C. §§ 1330–69.

18. 28 U.S.C. § 1442.

19. *Id.* § 1442(a).

20. *Id.* § 1443.

21. *Id.* § 1444.

22. *Id.* § 1453.

23. *Id.* § 1452.

24. *Id.* § 1452.

25. *Id.*

26. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

27. 28 U.S.C. § 1452.

28. *Id.* § 1452(b).

29. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Courts, including the Second Circuit, have recognized that the only two possible grounds for remand are (1) lack of subject matter jurisdiction and (2) "any defect in the removal procedure." *Pierpoint v. Barnes*, 94 F.3d 813, 816 (2d Cir.1996). *Accord In re Medscope Marine Ltd.*, 972 F.2d 107 (5th Cir.1992) (reviewing the legislative history of section 1447(c) and drawing this distinction); *BarisAccord In re Medscope Marine Ltd.*, 972 F.2d 107 (5th Cir.1992) (reviewing the legislative history of section 1447(c) and drawing this distinction); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543–44 (5th Cir. 1991) ("The plaintiff's have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable; the latter is not.") (numerous citations omitted).

30. 28 U.S.C. § 1447(c).

(the general removal statute) or section 1452 (the bankruptcy removal statute).[31]

## IV. DISCUSSION

OCWD argues that its action should be remanded because it was improperly removed under the public agency exception to the bankruptcy removal statute. However, this argument ignores the critical distinction between improper removal and lack of subject matter jurisdiction. As explained below, even if the action were improperly removed, lack of subject matter jurisdiction is the only ground on which this Court may remand an action once thirty days have elapsed. Because this Court continues to have subject matter jurisdiction under section 1334, plaintiff's motion must be denied.

### A. Improper Removal Does Not Affect Subject Matter Jurisdiction Under Bankruptcy Law

■ Section 1447(c) controls motions to remand and states:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded ... [32]

"In substance, the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason ...," [33] Assuming that OCWD's action was improperly removed, the question remains under section 1447 whether removal of the Quincy action constituted a defect in removal procedure or a defect in subject matter jurisdiction.

There are a number of areas of law in which Congress has prohibited removal of actions even though they are within the original subject matter jurisdiction of the federal courts.[34] In these contexts, the majority of courts have held that improperly removed actions are merely defects in procedure, not subject matter jurisdiction and thus, unless raised within thirty days of the removal, are waived.[35]

### 1. The Fifth Circuit's decision in *Baris v. Sulpicio Lines, Inc.*

One of the leading cases on the issue of how an improper removal affects subject matter jurisdiction is *Baris v. Sulpicio Lines, Inc.*, a 1991 case in the Fifth Circuit rejecting plaintiffs' argument that a lack of removal jurisdiction deprived the district court of subject matter jurisdiction.[36] In

---

31. *See Things Remembered*, 516 U.S. at 128, 116 S.Ct. 494 (holding that section 1447(d) barred review of a remand order in a bankruptcy action). *Accord Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 125 (2d Cir.2003) (recognizing that in *Things Remembered*, the Supreme Court held that section 1452 does not operate to the exclusion of sections 1447(c) and (d)).

32. *Id.* § 1447(c).

33. *Schacht*, 524 U.S. at 392, 118 S.Ct. 2047.

34. *See, e.g.*, 28 U.S.C. § 1445 ("section 1445") (prohibiting the removal of various claims from state court).

35. *See, e.g., Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir.2002) ("Even if § 1445(c) otherwise applies here, its bar against removal of workers' compensation claims is nonjurisdictional and may be waived.") (citing *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir.1993) (holding that section 1445(c)'s "statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect that Williams waived")).

36. *See* 932 F.2d at 1546–48.

*Baris*, plaintiffs brought a claim under 46 U.S.C. §§ 761–767, the Death on the High Seas Act ("DOHSA"). Subject matter jurisdiction over a DOHSA claim is concurrent, *i.e.*, it may be brought in either state or federal court.[37] Moreover, the general rule in admiralty is that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant. An exception to this rule is provided by the "saving to suitors" clause, whose unusual language dates back to the Judiciary Act of 1789 and preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea.[38]

In *Baris*, plaintiff's contended that the action was non-removable under the saving to suitors clause.[39] The district court agreed that the "the DOHSA and general maritime claims had been improperly removed," but held that "the court had subject matter jurisdiction, despite the improper removal, since the case could have been filed originally in federal court."[40] With respect to the argument that the action was improperly removed, the Fifth Circuit agreed that "[t]here is authority for that conclusion."[41] Nonetheless, it held "we need not decide whether the cause was removable, as the plaintiffs, in any event, have waived their right to seek a remand."[42]

The Fifth Circuit concluded that lack of removal jurisdiction is a procedural defect, and thus subject to waiver under the thirty-day limitation imposed by section 1447(c). As the court explained: "The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable; the latter is not."[43] Section 1447(c) mentions original subject matter jurisdiction—not removal jurisdiction.[44] "When Congress has intended to refer to removal jurisdiction, it has distinguished that concept from the doctrine of original subject matter jurisdiction."[45] In addition, the Fifth Circuit "had little difficulty" in distinguishing between removal jurisdiction and subject matter jurisdiction.[46]

"More to the point, the plaintiffs misconstrue what is meant in section 1447(c) by the term 'procedural defect.'"[47] In addition to the legislative history of section 1447(c), the Fifth Circuit relied on Professor Moore's treatise, which explained:

> The motion to remand must be made within 30 days after removal, if the ob-

37. *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 225, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). *See also Baris*, 932 F.2d at 1543.

38. *See* 28 U.S.C. § 1333(1).

39. *See* 28 U.S.C. § 1333 (district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*") (emphasis added).

40. *Baris*, 932 F.2d at 1542.

41. *Id.*

42. *Id.* at 1543.

43. *Id.* at 1543–44 (internal citations omitted).

44. *See id.* at 1544.

45. *Id.* (citing as an example 45 U.S.C. § 822(e) entitled "original and removal jurisdiction").

46. *Id.* Indeed, the Supreme Court has recognized the fundamental distinction between original subject matter jurisdiction and removal jurisdiction in holding that an assertion of improper removal may be waived. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). *See also Baris*, 932 F.2d at 1545 n. 7 (discussing *Grubbs* and the fact that Congress added a thirty-day limit for procedural defects to section 1447(c) in 1988).

47. *Baris*, 932 F.2d at 1544.

jections are of a character that can be waived, such as formal and modal matters pertaining to the procedure for removal *or the non-removability of a proceeding otherwise within federal jurisdiction.*,[48]

The *Baris* court agreed with Professor Moore's conclusion that "an irregularity in removal is waivable and, if waived, a federal court has power to proceed with a removed case that is within its original jurisdiction but is not one subject to removal . . . ."[49] "Hence, the word 'procedural' in section 1447(c) refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter jurisdiction."[50] The court concluded that once the plaintiffs waived the right to contest removal jurisdiction by failing to move to remand within thirty days, the proper inquiry was whether the district court would have possessed original jurisdiction over the case,

### 2. Congress's 1996 Amendment to Section 1447(c)

The Fifth Circuit's holding in *Baris* is persuasive given that it relied on (1) the statute's plain language, (2) its legislative history, (3) other statutes and case law drawing a clear distinction between removal and subject matter jurisdiction, and (4) a leading treatise on the issue. Nonetheless, because the holdings of several other courts were in conflict with *Baris*, Congress amended section 1447(c) by striking

the phrase "any defect in removal procedure" and inserting "any defect other than lack of subject matter jurisdiction" into section 1447(c).[51]

In particular, in *Hurt v. Dow Chemical Co.*,[52] the Eight Circuit held that the district court had no jurisdiction to hear the case *because* the case was improperly removed. In *Hurt*, the plaintiff filed a complaint in state court as a result of personal injuries allegedly resulting from exposure to a pesticide. Defendants, Dow Chemical and Rose Exterminator, removed the case to federal court on the basis of federal-question removal jurisdiction. The federal question asserted was that plaintiff's claims were pre-empted by the Federal Insecticide, Fungicide, and Rodenticide Act.[53]

The Eighth Circuit held that federal law did not completely preempt plaintiffs' action and thus the case was improperly removed because the complaint did not present a federal question. Nonetheless, defendants argued that the district court continued to have original subject matter jurisdiction because the district court would have had diversity jurisdiction had the complaint been filed in federal court. Section 1332 of title 28 of the United States Code grants subject matter jurisdiction to federal courts over actions in which the parties have diverse citizenship and fulfill the amount-in-controversy requirement. However, only a subset of such cases may be removed under section 1441(b), which does not allow removal if

---

**48.** *Id.* (quoting 1A James W. Moore *et al.*, "Moore's Federal Practice" ¶ 0.168[4.–1] at 644 (2d ed. 1990) ("Moore's Federal Practice")) (emphasis added by Fifth Circuit).

**49.** *Id.* (quoting Moore's Federal Practice ¶ 0.157 [11.–4] at 173).

**50.** *Id.* 1544–45.

**51.** *See* Act of October 1, 1996, Pub.L. No. 104–219, § 1, 110 Stat. 3022. *See also* Clari-

fication of Rules for Removal of Cases to Federal Court, H.R.Rep. No. 104–799, 104th Cong., 2d Sess. 2 (1996) (explaining that the purpose of the law is to clarify that the thirty-day limit does not apply to cases where the court lacks subject matter jurisdiction).

**52.** 963 F.2d 1142 (8th Cir.1992).

**53.** 7 U.S.C. § 136 *et seq.*

one of the "defendants is a citizen of the State in which such action is brought." [54]

Thus, although the district court had original subject matter jurisdiction over the action, defendants could not have removed it. The panel in *Hurt* held "[i]f one of the statutory requirements is not met, the district court has no jurisdiction." [55] The Eighth Circuit explained its rationale for conflating the requirements of subject matter jurisdiction and removal jurisdiction by stating:

> While a defendant, of necessity, cannot invoke the federal court's original jurisdiction, it may, in some situations, invoke the court's removal jurisdiction. Because the requirements to invoke the court's removal jurisdiction are often identical to those for invoking its original jurisdiction, confusion in this area of the law is common. The requirements for both relate to the same end, that is, federal jurisdiction. They are not, however, alternative means for a defendant to reach that end. Defendants must come within the court's removal jurisdiction. The concept of original jurisdiction has no meaning with respect to a defendant. [56]

However, the Eighth Circuit's decision and its underlying rationale were flawed. *First,* it did not address section 1447, which had been amended in 1988 to include the thirty-day limitation. Thus, it failed to address the distinction between lack of subject matter jurisdiction and other defects in removal that Congress had recog-

nized, an especially important consideration given that removal is a statutory creation. *Second,* although creating a circuit split with the Fifth Circuit, the Eighth Circuit failed to cite *Baris,* much less discuss whether its reasoning was sound. [57]

In 1996, Congress responded to decisions such as *Hurt* by clarifying its intent in passing the 1988 amendment. The report from the House Judiciary Committee explained:

> For some time prior to 1988, 28 U.S.C. § 1447(c) provided that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In the Judicial Improvements and Access to Justice Act of 1988, Congress required that a "motion to remand the case on the basis of any defect in removal must be made within 30 days after the filing of the notice of removal under section 1446(a)." The intent of this amendment was to impose a 30-day limit on all motions to remand except in those cases where the court lacks subject matter jurisdiction. The intent of the Congress is not entirely clear from the current wording of 28 U.S.C. § 1447(c), and it has been interpreted differently by different courts. [The Act] clarifies the intent of Congress that a motion to remand a case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a). [58]

54. 28 U.S.C. § 1441(b).

55. 963 F.2d at 1145.

56. 963 F.2d at 1144.

57. At least one commentator noted that the Eighth Circuit's decision created a circuit split. *See* Charles Everingham IV, Comment, "Removal, Waiver, and the Myth of Unreviewable Remand in the Fifth Circuit," 45

*Baylor L.Rev.* 723, 751 n. 140 (1993) ("The Eighth Circuit recently held that lack of removal jurisdiction deprives the court of subject matter jurisdiction and need not be presented within 30 days .... Consequently, there is a split among the circuits regarding a fundamental jurisdictional question.").

58. Clarification of Rules for Removal of Cases to Federal Court, H.R.Rep. No. 104–799, 104th Cong., 2d Sess. 2 (1996).

"The Committee held no hearings on [the Act] because it viewed the bill as technical and noncontroversial, and it received broad bipartisan support."[59]

Indeed, "[t]he reason for section 1447(c)'s short and strict deadline is obvious: the court and parties have a substantial interest in resolving which court will decide the action before any court or the parties devote resources to the case, or the court resolves particular issues."[60] As Congress explained in 1988 when it first passed section 1447(c):

Subsection (c) amends 28 U.S.C. 1447(c) and adds a new subsection (e). Section 1447(c) now appears to require remand to state court if at any time before final judgment it appears that the removal was improvident. So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn. The amendment provides a period of 30 days within which remand must be sought on any ground other than lack of subject matter

jurisdiction. The amendment is written in terms of a defect in 'removal procedure' in order to avoid any implication that remand is unavailable after disposition of all federal questions leaves only [s]tate law questions that might be decided as a matter of ancillary or pendent jurisdiction or that instead might be remanded.[61]

Thus, in 1996, Congress reiterated this view and ratified the position of the Fifth Circuit and the majority of courts holding that once thirty days had elapsed after the notice of removal has been filed, the *only* ground for a remand is lack of subject matter jurisdiction.[62]

## B. The Court Continues to Have Bankruptcy Jurisdiction Under Section 1334

In *People of the State of California v. Atlantic Richfield Company* and *The State of New Hampshire v. Amerada Hess Corporation,* the Second Circuit held that actions filed by California and New Hampshire had been improperly removed.[63] In particular, the Second Circuit's sole focus with respect to the issues surrounding bankruptcy was whether the removal provision of section 1442 had been satisfied.

In one of this Court's decisions cited and discussed by the Second Circuit, I wrote:

This Court has core bankruptcy jurisdiction because questions concerning when

---

**59.** *Id.*

**60.** *In re MTBE Prods. Liab. Litig.*, 510 F.Supp.2d 299, 304–05 (S.D.N.Y.2007).

**61.** H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033.

**62.** *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir.2006) (holding that failure to comply with removal statute, section 1441(b), is a procedural requirement that may be waived as a non-jurisdictional defect subject to the thirty-day time limit imposed by section 1447(c) and that this was in agree-

ment "with eight of the nine circuits that have addressed this issue") (collecting cases).

**63.** *See In re MTBE,* 488 F.3d at 136 ("We hold that, if the criteria of a valid removal statute are met, sovereign immunity does not bar the removal of a case commenced by a state in its own courts. *Because the requirements of the applicable removal statutes have not been met,* we vacate the order of the district court and remand with directions to return these cases to the forums from which they were removed.")

certain "claims" arose and whether those claims were discharged involve the enforcement and construction of Texaco's discharge injunction, a substantive right created by the federal Bankruptcy Code. Proceedings to determine the allowance and disallowance of a claim against the estate are core proceedings.[64]

The Second Circuit's opinion did not challenge this holding even though it was an issue the appellate court had an independent duty to analyze and determine if it had any doubt.[65]

In the context of bankruptcy, Congress has treated subject matter jurisdiction and removal as two distinct issues. The grant of subject matter jurisdiction is found in section 1334, while the removal provision is found in section 1452, in a separate chapter of title 28.[66] Indeed, section 1452 even refers to the jurisdictional grant, stating that "[a] party may remove any claim or cause of action in a civil action ... *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.*"[67] There is no reason to hold that an improper removal under section 1452 affects a court's bankruptcy jurisdiction under section 1334.

OCWD's argument, essentially, is that while this Court has always had subject matter jurisdiction over this action, the case should not have been removed. Even if this is correct, the sole issue that may be raised now is whether the Court has subject matter jurisdiction and, on that issue, there is no dispute: The Court continues to have core bankruptcy jurisdiction over this action.[68]

Under the plain language of the statute, the thirty-day clock begins to run upon "the filing of the notice of removal under section 1446(a)." [69] Nothing in the statute allows the thirty-day limitation to be re-

---

**64.** *See In re MTBE*, 341 F.Supp.2d at 414.

**65.** *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). *See also Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

**66.** In general, this Court does not give much weight to where a law is located within the United States Code in determining the meaning of a statute because Congress votes on particular bills rather than the United States Code. Indeed, the United States Code is maintained by the Office of the Law Revision Counsel of the United States House of Representatives and, if a section of the United States Code is in conflict with Statutes at Large, the latter governs. *See United States v. Welden*, 377 U.S. 95, 98–99 n. 4, 84 S.Ct. 1082, 12 L.Ed.2d 152 (1964).

However, in this particular case, Congress has made an explicit reference to title 11 of the United States Code in enacting the removal statute, thereby indicating that Congress understood how the various provisions of the United States Code related to each other with one law establishing the Bankruptcy Code in title 11, another law governing subject matter jurisdiction in chapter 85 of title 28, and another law governing removal procedure in chapter 89 of title 28.

**67.** 28 U.S.C. § 1452(a) (emphasis added).

**68.** *See, e.g., Cambridge Co. v. Cotten*, 138 B.R. 841, 844 (Bkrtcy.E.D.Tex.1992) ("As the bankruptcy removal provision does not contain specific contrary provisions, this court also has applied 28 U.S.C. sec. 1447(c). Carlisle's oral objection to the improper removal came after the thirty days had elapsed.").

**69.** 28 U.S.C. § 1447(c). "After the expiration of the thirty-day period following the filing of the removal notice, the right to object to non-jurisdictional defects in the removal process is considered waived. The expiration of this time period bars both a motion by one of the parties and a *sua sponte* remand by the district court." 14C Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3739 (3d ed.1998) at 454 (numerous citations omitted).

started based on subsequent case law. In fact, the legislative history demonstrates that Congress was more concerned with eliminating repetitive motions for remand, which drain the resources of the parties and court alike, and avoiding the destructive effects of restarting a case after shuttling a case between two courts that have jurisdiction, than with ensuring that the procedure for removing the action contained no error. In short, once thirty days have passed and a district court has made the decision to keep the case, or remand the case, it should stay in the selected court—unless, of course, it is determined (at any stage of the litigation) that subject matter jurisdiction is lacking.

Indeed, the Second Circuit has made it clear that for this Court to consider the propriety of the removal, as opposed to subject matter jurisdiction, would constitute reversible error. In *Shapiro v. Logistec USA, Inc.*,[70] the Second Circuit considered a case that had been removed on the basis of diversity. More than thirty days after the notice of removal, the plaintiff filed a motion for remand arguing that section 1441(b) prohibited the removal of the action because it was brought in the home forum of at least one defendant. The district court agreed that the case had been improperly removed and remanded the action.

On appeal, the Second Circuit held that "section 1441(b) is a rule of procedure and does not state a jurisdictional requirement."[71] Applying section 1447(c)'s thirty day limitation for objecting to any defect other than subject matter jurisdiction[72], the court held "the motion to remand was not made within that period and, inasmuch

as it was based on the in-state citizenship of the defendants under section 1441(b), it did not go to the district court's subject matter jurisdiction."[73] "Given the passage of more than 30 days without a challenge, the court lacked authority under § 1447(c) to remand the action on that ground. The district court therefore erred in remanding the case to state court and in denying the motion for reconsideration."[74]

In short, courts have followed, as they must, the unambiguous language of section 1447(c), focusing solely on whether thirty days have elapsed since the notice of removal was filed.

## V. CONCLUSION

This motion to remand demonstrates why Congress enacted such a strict deadline under section 1447(c). As I have previously explained, "for more than three years, this Court has resolved virtually every substantive and procedural issue in the focus cases."[75] I have now issued thirty-eight substantive opinions and orders, totaling more than one thousand pages of text. I have also issued thirty Case Management Orders and held almost forty status conferences. Finally, a trial date for one of the focus cases has been set for March 3, 2008.

Plaintiff in this action now desires to return to state court which would result in effectively vacating all of this Court's orders in this case. The fact is that Congress amended section 1447(c) in 1988, and again in 1996, to avoid this result. As the Second Circuit explained: "The purpose of the amendment then, was to avoid late-game forum shopping by plaintiffs by im-

---

**70.** 412 F.3d 307 (2d Cir.2005).

**71.** *Id.* at 313.

**72.** *See supra* note 30.

**73.** *Shapiro,* 412 F.3d at 315.

**74.** *Id.* (quotation marks and citation omitted).

**75.** *In re MTBE,* 510 F.Supp.2d 299, 329 (S.D.N.Y.2007).

posing a 30–day limit to ensure that improperly removed matters (excepting those where the court lacks subject matter jurisdiction) would be remanded early in the proceeding or not at all."[76] In fact, "it was the intent of Congress to create a strict time limitation on *all* challenges to removal based on any impropriety, whether procedural or substantive, in the removal procedure (excepting those based on the district court's lack of subject matter jurisdiction)."[77]

Because plaintiff's motion does not challenge this Court's subject matter jurisdiction, it must be denied. The Clerk of the Court is directed to close this motion (docket # 1474).

SO ORDERED.

---

**76.** *Pierpoint v. Barnes,* 94 F.3d 813, 818 (2d Cir.1996).

**77.** *Id.* (emphasis in original).