James **MIGNOGNA**, Plaintiff–Appellant,

v.

**SAIR AVIATION, INC.**, Exxon Corporation, Mooney Aircraft Corporation, Hancock Field Aero Club and General William D. Stewart, Defendants–Appellees.

**No. 1041, Docket 86–6071.**

United States Court of Appeals, Second Circuit.

Argued April 11, 1990.

Decided June 21, 1991.

Howard M. Fifer, New York City (G. Michael Simon, F. Lee Bailey and Aaron J. Broder, New York City, of counsel), for plaintiff-appellant James Mignogna.

Daniel L. Reich, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C. (Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty. for the Northern District of New York, Syracuse, New York, of counsel), for defendant-appellee Hancock Field Aero Club.

Before LUMBARD, FRIEDMAN,* and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant James Mignogna appeals from an order of the United States District Court for the Northern District of New York, Howard G. Munson, *then-Chief Judge,* that dismissed Mignogna's claim against Hancock Field Aero Club ("Hancock") for failure to file an administrative claim as required by 28 U.S.C. § 2675(a) (1988), a provision of the Federal Tort Claims Act ("FTCA").[1] We reverse and remand, with directions to remand Mignogna's claim against Hancock to state court, on the basis that the removal to federal court was improper.

---

* Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. Section 2675(a) (1988) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

## Background

On September 24, 1983, a single-engine Mooney aircraft piloted by Mignogna crashed at the Burlington, Vermont International Airport. Thereafter, Mignogna commenced an action in the Supreme Court of the State of New York, County of Onandoga, against Hancock and others, alleging, *inter alia*, that Hancock had leased the aircraft to Mignogna, and that Mignogna suffered injuries in the plane crash as a result of "negligence, recklessness and carelessness" on the part of Hancock and the other named defendants. Service was effected upon an agent of Hancock on July 25, 1985.

On August 26, 1985, the United States filed a petition for removal of the action in the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1442(a)(1) (1988) on the ground that Hancock, a "Nonappropriated Fund Instrumentality (NAFI) activity," was an instrumentality of the federal government by virtue of 5 U.S.C. § 2105(c) (1988) and 10 U.S.C. § 9779(c) (1982).[2] Asserting that the "case involve[d] an aviation accident with numerous complex technical and legal issues," the government also sought "an extension of 60 days from the date of removal to answer or otherwise respond to the complaint."

Mignogna did not oppose the application, and the district court granted it in an order entered September 5, 1985. Thereafter, on October 1, 1985, the government filed a motion to dismiss the complaint on several grounds, including Mignogna's alleged "fail[ure] to exhaust his administrative remedies." The government's supporting memorandum made clear that the failure in question was Mignogna's noncompliance with the requirements of section 2675(a). At the time the government made its motion, more than two years after the incident

giving rise to his suit, Mignogna was barred by another provision of the FTCA, 28 U.S.C. § 2401(b) (1988), from curing the failure to comply with section 2675(a).[3]

In opposing the motion, Mignogna stressed that the government, having "lulled" him into a "false sense of security" and "successfully acquired an extension beyond the September 24, 1985 statute of limitations for filing an administrative claim," had filed its motion to dismiss promptly after the passage of that deadline. He further contended that "the law in this Circuit clearly permits the plaintiff to maintain his instant action in federal court against this defendant without filing an administrative claim, since a state action was begun within the two year limitation period."

The district court granted the government's motion to dismiss in a memorandum decision and order entered March 6, 1986. The court first rejected the government's contention that there was no state court jurisdiction over the action, and accordingly no federal court jurisdiction upon removal under the principle of derivative jurisdiction. The court went on, however, to rule adversely to Mignogna on the section 2675(a) issue, stating:

> [A]n extension of time within which to answer a complaint does not toll the statute of limitations. Plaintiff faults the government for seeking dismissal for failure to file a claim after the two-year statute of limitations had expired. However, the government's petition for removal should have put the plaintiff on notice that the provisions of the FTCA would apply as to Hancock.

The district court distinguished our decision in *Kelley v. United States*, 568 F.2d 259 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978), upon

---

**2.** This provision is subsection (b) of section 9779 of the current United States Code. *See* 10 U.S.C. § 9779(b) (1988).

**3.** Section 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in

writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

which Mignogna relied, because there the government did not substitute itself as a defendant until after the time for filing an administrative claim had expired, and the person bringing the action was unaware before that time that the United States was the proper defendant. The court then remanded the case to state court (as to the remaining defendants), since the dismissal "remove[d] from the case the party which petitioned for removal to this court."

Mignogna then filed a timely notice of appeal. By stipulation, the appeal was dismissed pending the conclusion of the state court litigation against the other defendants, and thereupon reinstated.

### Discussion

Mignogna argues on appeal, as he did below, that: (1) the government's request for an extension of time lulled him into a "false sense of security in regards [sic] to any requirements to file an administrative notice of claim;" and (2) the state court complaint served upon Hancock gave "such notice of the claim as to eliminate and/or functionally fulfill the requirement of 28 U.S.C. § 2675(a) to file an administrative claim prior to proceeding" with the present case. We do not reach these contentions, in view of our conclusion that the action was improperly removed in purported reliance upon 28 U.S.C. § 1442(a)(1) (1988), and must therefore be remanded (as to Hancock) to state court.

■ The parties have not raised the issue of removal jurisdiction on this appeal, but it is our obligation to do so *sua sponte*. *See, e.g., City of Gainesville v. Brown–Crummer Inv. Co.*, 277 U.S. 54, 58–59, 48 S.Ct. 454, 455–456, 72 L.Ed. 781 (1928) (removal jurisdiction); *Louisville & N.R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (subject matter jurisdiction); *Natale v. Town of Ridgefield*, 927 F.2d 101, 104 (2d Cir.1991) (appellate jurisdiction).

28 U.S.C. § 1447(c) (1988), which deals with procedure after removal, provides in part that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Furthermore, if the federal court never could have exercised original jurisdiction over the case, remand is required even after the entry of final judgment. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951) ("To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them."); 14A C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3739, at 578–80 & n. 16 (2d ed. 1985 & Supp.1990) (same, collecting cases).

■ We therefore address initially the question whether the district court could have exercised original jurisdiction over this case. The Federal Tort Claims Act would not have conferred such jurisdiction, since an action thereunder must be brought against the United States rather than an agency thereof. *See* 28 U.S.C. § 2679(a) (1988); *C.P. Chemical Co. v. United States*, 810 F.2d 34, 37 n. 1 (2d Cir.1987); *Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir.1983); *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir.1975). Furthermore, there would have been no other basis for federal jurisdiction. The parties are all citizens of New York, and the claim asserted rests on state negligence law.

Accordingly, under the doctrine of *American Fire & Casualty Co.*, the conclusion that the district court would not have had original jurisdiction of this case brings us to the issue whether it was properly removed to federal court. The district court did not effect removal pursuant to 28 U.S.C. § 1441(a) (1988), which authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Rather, removal was premised upon 28 U.S.C. § 1442(a)(1) (1988), which provides:

A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) *Any officer of the United States or any agency thereof, or person acting under him,* for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Emphasis added.

■■■ Manifestly, Hancock, an impersonal entity, is not an "officer" of the United States, and thus could validly effect removal under section 1442(a)(1) only if that section authorizes removal by an "agency" of the United States. The Supreme Court has recently ruled, however, in *International Primate Protection League v. Administrators of Tulane Educ. Fund,* —— U.S. ——, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991), that section 1442(a)(1) does not provide such authorization. The Court concluded "that, when construed in the relevant context, the first clause of § 1442(a)(1) grants removal power to only one grammatical subject, '[a]ny officer,' which is then modified by a compound prepositional phrase: 'of the United States or [of] any agency thereof.'" *Id.* at ——, 111 S.Ct. at 1705. The Court accordingly reversed the decision below, which had dismissed on the merits, and remanded with directions to remand the case to state court. *Id.* at ——, 111 S.Ct. at 1709.

■■■ We are constrained to apply the ruling of *International Primate* here, since "'an appellate court must apply the law in effect at the time that it renders its decision.'" *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981) (quoting *Thorpe v. Housing Auth.,* 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969)); *see also United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801). Even more to the present point, "'[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only.'" *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)).

■■■ Finding the removal here to have been improper, we must address the question of disposition. The district court determined that the removal was proper, but then dismissed because of Mignogna's failure to make the filing required by 28 U.S.C. § 2675(a) (1988). We have concluded, on the contrary, that the removal was not authorized by law, resulting in a failure of subject matter jurisdiction. In that event, 28 U.S.C. § 1447(c) (1988), read in tandem with *American Fire & Casualty Co.,* 341 U.S. at 18, 71 S.Ct. at 542, directs that "the case shall be remanded." *See International Primate,* —— U.S. at ——, 111 S.Ct. at 1709. On the other hand, remand might be improper if it would be futile, *see id.,* as it would be if the state court could not exercise jurisdiction over Mignogna's claim against Hancock.[4]

*International Primate,* while recognizing the possibility of a futility exception to the explicit remand rule of section 1447(c), determined that "uncertainties in the case before us preclude a finding that a remand would be futile." *Id.* In doing so, it relied upon *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs.,* 876 F.2d 1051 (1st Cir.1989), where the First Circuit said: "the fact that we believe a certain legal result *unlikely,* as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words

---

4. The Ninth Circuit has recently invoked the futility exception to affirm a district court decision to dismiss, rather than remand, a removed case. *See Bell v. City of Kellogg,* 922 F.2d 1418, 1424–25 (9th Cir.1991).

[of section 1447(c) ] 'shall be remanded.' " *Id.* at 1055. Especially in light of this exacting standard, there is no jurisdictional impediment to remand here.

State court jurisdiction over Mignogna's claim against Hancock would be precluded if the suit based on that claim were a "civil action[ ] on [a] claim[ ] against the United States" within the meaning of 28 U.S.C. § 1346(b) (1988), since section 1346(b) invests federal district courts with "exclusive jurisdiction" over such cases. Since Hancock is a "nonappropriated fund instrumentality" ("NAFI") of the United States, however, it is likely that this suit against Hancock is not such a suit against the "United States" so as to bar state court jurisdiction over it.

In *Cosme Nieves v. Deshler,* 786 F.2d 445 (1st Cir.), *cert. denied,* 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986), the First Circuit considered whether a case brought against a NAFI (the Fort Buchanan Installation Club System) was a nontort "claim against the United States" within the meaning of 28 U.S.C. § 1346(a)(2) (1988),[5] with the result that the action could not be brought in federal district court under section 1346(a)(2), but only in the United States Claims Court, because the amount in controversy exceeded $10,000. Deeming the case an "action against a NAFI itself *and its nonappropriated funds,*" 786 F.2d at 448, and noting that "absent special legislation, the federal government does not assume the financial obligations of a NAFI, as it does those of a federal agency funded in the usual way from congressional appro-

priations," *id.,* the court concluded that the plaintiffs were entitled to proceed in district court, *id.* at 449. In so ruling, the court stated:

NAFIs are ... special in that they are revenue-producing entities that take in and disburse funds generated by their own activities (here, we are told, primarily through the sale of food and beverages). Congress, in fact, has clearly expressed its intention that no appropriated funds be used to support NAFI activities, and thus that their "nonappropriated" funds be severed from general federal revenues. *See [United States v.] Hopkins,* 427 U.S. [123, 125, 96 S.Ct. 2508, 2510, 49 L.Ed.2d 361 (1976) ]; *Swiff–Train Co. v. United States,* 443 F.2d 1140, 1141 ([5th Cir.] 1971). *Because NAFI funds, therefore, have an identity apart from that of treasury funds, NAFIs may be subject to claims directly against them and their nonappropriated assets, as distinct from claims against the United States and the public fisc. See Rivers v. Installation Club System,* 623 F.Supp. 269 (D.P.R.1985) (permitting suit against NAFI itself).

*Id.* at 449 (emphasis added, footnotes omitted).

The First Circuit did not expressly conclude that the action before it was not a "claim against the United States" within the meaning of section 1346(a)(2), and therefore could not have been brought in the Claims Court, stating only "that it would, at very least, be an uphill battle to sue the United States in the Claims Court for alleged violations of the FLSA [Fair

---

**5.** Section 1346(a)(2) provides in pertinent part:
   The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
      *      *      *      *      *      *
   (2) Any [nontax] *civil action or claim against the United States,* not exceeding $10,-000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the Unit-

ed States, or for liquidated or unliquidated damages in cases not sounding in tort.... For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.
   Emphasis added.

Labor Standards Act]." *Id.* at 449. Rather, it held that the NAFI was a "public agency employer" within the meaning of the pertinent FLSA provision, 29 U.S.C. § 216(b) (1988). The court noted, however, that the Attorney General, in contrast to the Department of Justice's petition for removal herein, asserted that " 'if this case is transferred to the Claims Court, [the government] will take the position that that court does not have jurisdiction over this case.' " 786 F.2d at 449 (quoting supplemental brief of Attorney General).

In the instant case, similarly, we need not definitively conclude that the action against Hancock, a NAFI, was not a "claim[ ] against the United States" within the meaning of 28 U.S.C. § 1346(b) (1988).[6] On the contrary, in order to avoid any potential futility exception to the explicit remand direction of 28 U.S.C. § 1447(c) (1988), we need only conclude that it is not certain that section 1346(b) would bar state court jurisdiction in the event of a remand. *See International Primate,* —— U.S. at ——, 111 S.Ct. at 1709; *Maine Ass'n of Interdependent Neighborhoods,* 876 F.2d at 1055.

We have no difficulty in reaching this conclusion. In addition to the persuasive reasoning of *Cosme Nieves* quoted hereinabove, we note that Congress deemed it necessary to add, by amendment in 1970, a final sentence to section 1346(a)(2) specifying that contracts with various NAFIs (military exchanges) are to be deemed con-

tracts "with the United States" within the meaning of section 1346(a)(2), *see* Pub.L. No. 91–350, § 1(a), 84 Stat. 449, 449 (1970), clearly implying that the phrase "United States" would not cover NAFIs in the absence of such a special provision. We note also that the government's petition for removal herein asserts only that "NAFI activity such as Air Force Aero Clubs are considered instrumentalities of the federal government" (citing 5 U.S.C. § 2105(c) (1988) and 10 U.S.C. § 9779(c) (1982)), and makes no assertion that appropriated funds of the United States are at stake in this litigation.

### Conclusion

Because the district court could not have exercised original jurisdiction over this case, the case must be remanded to state court even after entry of final judgment if removal was improper. Removal was not authorized by either 28 U.S.C. § 1441(a) (1988) or 28 U.S.C. § 1442(a)(1) (1988). Further, a remand to state court would not be futile. Accordingly, we reverse and remand, directing that Mignogna's claim against Hancock be remanded to state court.

---

**6.** The "claim[ ] against the United States" language of section 1346(b) is substantially identical to the language of section 1346(a)(2) construed in *Cosme Nieves.* Section 1346(b) provides:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of *civil actions on claims against the United States,* for money damages, accruing

on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
Emphasis added.