07-5724-op
In re: Orange County Water District

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2008

(Submitted: April 14, 2009                    Decided: October 1, 2009)

Docket No. 07-5724-op

ORANGE COUNTY WATER DISTRICT,

     *Petitioner,*

     v.

UNOCAL CORPORATION, formerly known as COSTAL OIL NEW YORK, INC., formerly known as UNION OIL COMPANY OF CALIFORNIA, CONOCOPHILLIPS COMPANY, CHEVRON U.S.A., INC., individually doing business as CHEVRON PRODUCTS COMPANY, doing business as CHEVRON CHEMICAL COMPANY, CHEVRONTEXACO CORPORATION, TEXACO REFINING AND MARKETING, INC., now known as TMR COMPANY, EQUILON ENTERPRISES LLC, SHELL OIL COMPANY, INC., individually doing business as SHELL OIL PRODUCTS US, UNION OIL COMPANY OF CALIFORNIA, individually doing business as UNOCAL, TOSCO CORPORATION, EXXON MOBIL CORPORATION, individually formerly known as EXXON CORPORATION doing business as EXXONMOBIL REFINING AND SUPPLY COMPANY, EXXON CHEMICAL U.S.A., EXXONMOBIL CHEMICAL CORPORATION, MOBIL CORPORATION, ULTRAMAR, INC., VALERO REFINING, VALERO REFINING COMPANY-CALIFORNIA, VALERO MARKETING AND SUPPLY COMPANY, ATLANTIC RICHFIELD COMPANY, INC., individually formerly known as ARCO PETROLEUM COMPANY doing business as ARCO PRODUCTS COMPANY also known as ARCO, BP PRODUCTS NORTH AMERICA, INC., BP WEST COAST LLC, TESORO PETROLEUM CORPORATION, TESORO REFINING AND MARKETING COMPANY, INC., PETRO-DIAMOND, INC., SOUTHERN COUNTRIES OIL CO., CITGO PETROLEUM CORPORATION, ARCO CHEMICAL COMPANY, LYONDELL CHEMICAL COMPANY, individually formerly known as ARCO CHEMICAL COMPANY, G & M OIL COMPANY, INC., 7-ELEVEN, INC., USA GASOLINE CORPORATION, DOES 9-200, and DOES 202-1000, inclusive,

     *Defendants.**

---

     * The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

Before: WINTER and CABRANES *Circuit Judges.*[**]

_____

Orange County Water District petitions for a writ of mandamus challenging a November 7, 2007 order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*), which denied a motion to remand to state court. We hold that our prior opinion in this multi-district litigation did not preclude the District Court's conclusion that petitioners failed to file a timely motion for remand, as required by 28 U.S.C. § 1447(c), because the purportedly erroneous removal under 28 U.S.C. § 1452(a) did not implicate the District Court's subject matter jurisdiction. Furthermore, we conclude that any challenge to the District Court's subject matter jurisdiction is best addressed on direct appeal, rather than by a writ of mandamus.

Petition for writ of mandamus denied.

Michael Axline, Tracey O'Reilly, Miller, Axline & Sawyer, Sacramento, CA, *for Petitioner.*

Thomas Marcelle, Albany, NY, *Amicus Curiae in Opposition to Petitioner.*

PER CURIAM:

The question presented is whether a district court may retain jurisdiction when a case was improperly removed to federal court. Specifically, we consider whether improper removal under the bankruptcy removal statute requires subsequent remand to state court.

_____

[**] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. R. § 0.14(2); *United States v. DeSimone*, 140 F.3d 457 (2d Cir. 1998).

The Orange County Water District ("OCWD") petitions for a writ of mandamus challenging a November 7, 2007 order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*), denying OCWD's motion to remand the case from the Southern District of New York to California state court. OCWD argues that this Court's decision in *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112 (2d Cir. 2007) ("*MTBE*")—which involved other parties in this multi-district litigation—required the District Court to remand OCWD's action. Specifically, OCWD contends as follows: (1) this Court's opinion in *MTBE* requires that the District Court find that OCWD asserted a timely objection under 28 U.S.C. § 1447(c) to the improper application of the bankruptcy removal statute, 28 U.S.C. § 1452(a); and, alternatively, (2) the District Court was required to abstain pursuant to 28 U.S.C. § 1334(c)(2) because it lacked "core" bankruptcy jurisdiction. We deny OCWD's petition for a writ of mandamus because we conclude that: (1) our opinion in *MTBE* did not require the District Court to remand OCWD's action, and (2) OCWD's alternative jurisdictional arguments can be reviewed in the regular course of appeal.

## BACKGROUND

The facts of this case are set forth in detail in the District Court's opinion. *See In re MBTE Prods. Liab. Litig.*, 522 F. Supp. 2d 557 (S.D.N.Y. 2007). We review here only those facts relevant to the issues presented in this petition for mandamus.

In the spring of 2003, OCWD filed state-law claims in the Superior Court of California, Orange County, against various oil companies alleging contamination, or threatened contamination, of groundwater in Orange County, California with methyl tertiary butyl ether ("MTBE"), an additive that many refiners added to gasoline beginning in the late 1970s to increase its octane content. MTBE is known to discolor water, impart a foul odor, and endanger human health when it enters

3

the water supply.[1]  This suit was one of over one-hundred actions brought by public and private entities that provide public drinking water throughout the United States against corporations that manufactured, refined, marketed, or distributed gasoline containing MTBE.  On December 5, 2003, defendants removed the action to the United States District Court for the Central District of California.  Although OCWD filed a motion to remand on January 6, 2004, that Court stayed the proceeding pending transfer of the case to the United States District Court for the Southern District of New York, pursuant to an order of the Panel on Multidistrict Litigation, 28 U.S.C. § 1407.[2]

Shortly after the final transfer order was issued by the District Court for the Central District of California on June 16, 2004, OCWD and other plaintiffs moved on July 15, 2004, in the Southern District of New York to remand the case to the California state court where it was originally filed. In a series of opinions, Judge Scheindlin denied the motions of OCWD and several other California plaintiffs.  She concluded that the actions had been properly removed under (1) the federal officer removal statute, 28 U.S.C. § 1442, because defendants alleged that they had acted at the direction of a federal agency in adding MTBE to gasoline, *In re MTBE Prods. Liab. Litig.*, 342 F. Supp. 2d 147, 156-58 (S.D.N.Y. 2004),[3] and (2) the bankruptcy removal statute, 28 U.S.C. § 1452, because

---

[1] Defendants allege that they added MTBE to gasoline to comply with the requirements of the Clean Air Act and the regulations promulgated thereunder.

[2] The District Court for the Central District of California did not rule on OCWD's motion to remand; instead, it vacated the motion, "to be re-noticed upon final ruling by the MDL Panel as to the transfer" of OCWD's action.  *Orange County Water Dist. v. Unocal Corp.*, No. 03-01742-JVS(ANx) (C.D. Cal. Sept. 9, 2004).

[3] The federal officer removal statute provides, in relevant part, as follows:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

4

OCWD's claims implicated claims arising from the earlier bankruptcy proceedings of defendant Texaco, Inc. (now ChevronTexaco Corp.), *In re MTBE Prods. Liab. Litig.*, 341 F. Supp. 2d 386, 413-14 (S.D.N.Y. 2004).[4] Judge Scheindlin also held that "the removal of cases filed by State Plaintiffs does not violate principles of sovereign immunity." *In re MTBE Prods. Liab. Litig.*, 361 F. Supp. 2d 137, 148 (S.D.N.Y. 2004). Based on these three decisions, two plaintiffs—the People of the State of California ("California") and the State of New Hampshire ("New Hampshire")—pursued interlocutory appeals.

On May 24, 2007, we held that the actions brought by California and New Hampshire had been improperly removed from state court to federal court. *MTBE*, 488 F.3d 112. First, we held

---

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

[4] The bankruptcy removal statute provides, in relevant part, as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Under 28 U.S.C. § 1334,

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) . . . [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

5

that "removal was inappropriate under the federal officer removal statute because the defendants did not act under an officer of the United States." *Id.* at 132. We also held that removal was improper under the bankruptcy removal statute because the "proceedings represent efforts by California and New Hampshire to enforce their 'police or regulatory power' and are not subject to removal under section 1452['s] [governmental unit exception]." *Id.* at 133 (quoting 28 U.S.C. § 1452(a)).[5] Removal was likewise unavailable on grounds of federal preemption or the existence of a substantial federal question. *MTBE*, 488 F.3d at 134-36. Because the requirements of the applicable removal statutes had not been met, we vacated the order of the District Court denying the motion to remand of California and New Hampshire and we directed that the cases brought by California and New Hampshire be returned to the state courts where they were originally filed. *Id.* at 136.

In July 2007, OCWD and the defendants in its action submitted to Judge Scheindlin a proposed order remanding this case to the Superior Court of Orange County, in light of (1) our opinion in *MTBE*, and (2) the Supreme Court's then-recent decision in *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007) (holding that "a highly regulated firm cannot find a statutory basis for removal [under the federal officer removal statute] in the fact of federal regulation alone"). During a conference with the parties, however, the District Court rejected the jointly proposed order, explaining that "jurisdiction is not something which is handled on consent and negotiation." App. at 6. The District Court informed the parties that it had "an issue . . . as to whether the court still has [bankruptcy] jurisdiction," and directed OCWD to file a motion to remand. *Id.*

---

[5] The governmental unit exception prevents a party from removing to federal court "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power." 28 U.S.C. § 1452(a)

6

On August 1, 2007, OCWD submitted a remand motion, which was unopposed. OCWD argued that the District Court lacked bankruptcy jurisdiction because, as established in our opinion in *MTBE*, bankruptcy removal under 28 U.S.C. § 1452(a) had been improper because the case fell under the governmental unit exception to that removal statute. The District Court, however, denied the motion, dismissing as untimely OCWD's argument that the action had been improperly removed. It further explained that "even if the action were improperly removed, lack of subject matter jurisdiction is the only ground [provided by 28 U.S.C. § 1447(c)[6]] on which this Court may remand an action once thirty days have elapsed." *MTBE*, 522 F. Supp. 2d at 562. The District Court concluded that it possessed subject matter jurisdiction because "questions concerning when certain 'claims' arose and whether those claims . . . involve the enforcement and construction of Texaco's discharge injunction [involve] a substantive right created by the federal Bankruptcy Code." *Id.* at 566-67.

OCWD then petitioned this Court for a writ of mandamus, requesting that we order the case be remanded to the California state court in which it was filed.

## DISCUSSION

**A.      Standard of Review**

It is well established that "[t]he remedy of mandamus is a drastic one, to be invoked only in

---

[6] This section provides, in relevant part, as follows:

> A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added).

7

extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). "[M]ere error, even gross error in a particular case, as distinguished from a calculated and repeated disregard of governing rules, does not suffice to support issuance of the writ." *United States v. DiStefano*, 464 F.2d 845, 850 (2d Cir. 1972). Mandamus therefore "does not 'run the gauntlet of reversible errors.'" *Id.* (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382 (1953)). Instead, in order to succeed on its petition, OCWD must demonstrate "a clear and indisputable right to the issuance of the writ, amounting to a clear abuse of discretion or a usurpation of judicial power." *In re Steinhardt Partners L.P.*, 9 F.3d 230, 233 (2d Cir. 1993).

OCWD's challenge to the District Court's denial of its motion to remand the case is further complicated by the Supreme Court's reluctance to approve the use of the writ of mandamus to control jurisdiction. Specifically, the Supreme Court "has consistently refused to sustain the use of mandamus as a means of reviewing the action of a district court in denying a motion to remand a cause to the state court from which it had been removed." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 30-31 (1943) (citing *Ex parte Park Square Auto. Station*, 244 U.S. 412 (1917); *Ex parte Roe*, 234 U.S. 70 (1914); *Ex parte Harding*, 219 U.S. 363 (1911); *Ex parte Hoard*, 105 U.S. 578 (1881)). This pattern is consistent with our own more recent observation that "the general rule [is] that appellate courts should avoid determining jurisdictional issues on a petition for mandamus." *In re Ivy*, 901 F.2d 7, 10 (2d Cir. 1990).[7]

---

[7] The District Court expressly denied remand under 28 U.S.C. § 1447(c), *see MTBE*, 522 F. Supp. 2d at 558, and that statute insulates from appellate review "[a]n order remanding a case to the State court from which it was removed." 28 U.S.C. § 1447(d); *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."). But this appeal concerns a *denial* of remand pursuant to § 1447, which that

8

The unique nature of OCWD's petition, however, counsels in favor of review. OCWD specifically asserts that the District Court has violated the "letter and spirit" of our mandate in a similar case in this very multi-district litigation. Pet. at 1-2; *see In re F.C.C.*, 217 F.3d 125, 137 (2d Cir. 2000) (explaining that this Court's mandamus power can be used "to achieve compliance with the terms and spirit of our mandates"). In particular, OCWD argues that similarly situated parties in this litigation were treated differently:[8] although OCWD filed state-law claims similar to those of California, OCWD's case was removed to federal court on similar jurisdictional grounds as California, and both OCWD and California had their cases consolidated in the same multi-district litigation, California's action was remanded to state court pursuant to our decision in *MTBE*, while OCWD's action remains in federal court.[9] Because OCWD's petition purportedly seeks only "to confine [the District Court] to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so," *Roche*, 319 U.S. at 26, we consider the merits of OCWD's arguments.

## B. Denials of Motions to Remand

In its petition, OCWD presents two principal contentions. First, it asserts that this Court's

statute does not address.

[8] Under the law-of-the-case doctrine, a trial court must "follow an appellate court's previous ruling on an issue in the same case." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Although OCWD argues that remand of its action is compelled by this Court's opinion in *MTBE* because of this action's similarity to, and intersection with, *MTBE*, OCWD does not argue—and we decline to address—whether this Court's decision regarding California and New Hampshire constitutes the "law of the case" with respect to OCWD.

[9] According to OCWD, "[n]o party in the case wishes to remain in federal court, yet the district court has declined to remand the case to state court, and has retained the case based upon a theory never briefed or argued by the parties." Pet. at 6.

9

decision in *MTBE* compels the District Court to remand OCWD's case to state court because the District Court lacks subject matter jurisdiction. Second, OCWD contends that the District Court was required to abstain pursuant to 28 U.S.C. § 1334(c)(2) because it lacked "core" bankruptcy jurisdiction.[10] As a result, OCWD argues, a remand to state court is necessary. For the reasons discussed below, we conclude that OCWD has not satisfied the conditions for mandamus relief.

**1.      Denial of Motion to Remand for Lack of Timeliness**

OCWD first argues that its objection to removal did not run afoul of the thirty-day time limit for remand motions "on the basis of any defect other than lack of subject matter jurisdiction."[11] 28 U.S.C. § 1447(c). According to OCWD, its challenge focused on a defect in subject matter jurisdiction—namely, the District Court's failure to recognize that its action fell within the governmental unit exception to the bankruptcy removal statute.

OCWD, however, misconstrues the relationship between removal procedures and subject matter jurisdiction. Where state and federal courts share subject matter jurisdiction, a removal statute may provide the procedural mechanism for transferring a case from one court to another,

---

[10]  That section provides, in relevant part, as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case *under title 11* but not *arising under title 11* or *arising in a case under title 11*, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

[11]  If the thirty-day deadline under 28 U.S.C. § 1447(c) is applicable, then OCWD's remand motion was untimely because it was filed more than thirty days after the notice of removal was filed in District Court of the Central District of California.

10

but the removal statute is not the source of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a)-(b).[12]

It follows that, when a removal statute is not the source of subject matter jurisdiction, improper removal under that statute does not amount to a deficiency in subject matter jurisdiction. An objection based on such an improper removal could therefore be waived unless raised within thirty days because it challenges an error "other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

A removal statute *may*, however, in limited circumstances, confer subject matter jurisdiction on the federal courts, as well as provide the procedural mechanism for removal. *See, e.g.*, *Niagara Mohawk Power Corp. v. Bankers Trust Co. of Albany*, 791 F.2d 242, 244 (2d Cir. 1986) (finding that the removal statute 28 U.S.C. § 1442(a)(1) "confers jurisdiction as well as the right of removal"). Where a federal court lacks jurisdiction *independent of* the removal statute, a substantive defect in removal is not waived under § 1447(c) because a substantive challenge to removal may be an implicit challenge

---

[12] That section provides, in relevant part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

11

to the court's subject matter jurisdiction.[13]  *See, e.g.*, *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (finding that the defect in removal created an unwaivable defect in subject matter jurisdiction).

The bankruptcy removal statute is more akin to the general removal statute, 28 U.S.C. § 1441, which only provides a procedural mechanism for removal and does not confer subject matter jurisdiction, than it is to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides both a procedural mechanism and subject matter jurisdiction.  In contrast to the federal officer removal statute, § 1452(a) does not enable a district court to assert jurisdiction over an action that could not otherwise have been commenced in federal court.  Instead, § 1452(a) is similar to general removal statutes, such as § 1441(a) and (b), for which original federal jurisdiction is a pre-requisite. *See* 28 U.S.C. § 1452(a) (conditioning removal upon the district court's "jurisdiction of such claim or cause of action under section 1334 of this title").

Just as we have found challenges to removal defects under § 1441(a) and (b) to be waivable, so, too, are challenges to removal under § 1452(a).  If § 1452(a) challenges are not raised within thirty days, we will consider them waived pursuant to § 1447(c).[14]  OCWD's argument that its

---

[13] Some nonsubstantive defects regarding removal can be waived, regardless of whether the federal court had jurisdiction independent of the removal statute.  These waivable defects include mistakes in the timing or form of the removal. *See Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 392 (1998); *Pierpoint v. Barnes*, 94 F.3d 813, 817 (2d Cir. 1996).

[14] In arguing that the removal defect undermined the District Court's subject matter jurisdiction, OCWD emphasizes that Congress adopted a "governmental unit" exception for both bankruptcy removals and automatic stays. *Compare* 28 U.S.C. § 1452(a), *with* 11 U.S.C. § 362(b)(4). OCWD draws the inference that Congress has therefore "recognized that efforts by state and local governments to protect public health in state court should take precedence over federal jurisdiction in bankruptcy matters." Pet. at 10.  OCWD, however, infers too much.  Section 1452(a) does not prevent governmental units from initiating an action in federal court in order to protect public health, assuming that federal jurisdiction exists.  A rule allowing a governmental unit to select a state

12

motion to remand on the basis of the governmental unit exception to the bankruptcy removal statute was a motion to remand for lack of subject matter jurisdiction, and was therefore not affected by the thirty-day time limit of § 1447(c), thus fails. The District Court was correct in concluding that OCWD had waived its objections to improper removal under § 1452(a). *MTBE*, 522 F. Supp. 2d at 562.

We acknowledge a tension between our analysis here and our prior discussion of removal and subject matter jurisdiction in *MTBE*. In *MTBE*, we evaluated whether removal was proper under either the bankruptcy or federal officer removal statute or, alternatively, on grounds of preemption or by the existence of a federal question. 488 F.3d at 124-36. Concluding that "the requirements of the applicable removal statutes have not been met," we ordered that the cases be remanded "to the forums from which they were removed." *Id.* at 136. Although we discussed the "independent obligation" to review the propriety of the removals in order "to determine whether the district court ha[d] subject matter jurisdiction," *id.* at 121, 124, we never considered § 1447(c) or the relevant precedents analyzed above (with some limited exceptions[15]). Nor did the parties cite § 1447(c) in their briefs to this Court for purposes of *MTBE* litigation. Although our decision in *MTBE* could be read to suggest that challenges based upon the governmental unit exception to § 1452(a) cannot be waived under § 1447(c), "a *sub silentio* holding is not binding precedent." *Getty*

---

or federal forum does not imply a policy depriving federal courts of subject matter jurisdiction whenever a state or local government seeks to protect public health.

[15] We cited *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 (2d Cir. 1996), and *Mignogna* for the proposition that "we have often taken it upon ourselves to determine whether removal jurisdiction existed even where that issue was not itself appealed." *MTBE*, 488 F.3d at 121. But both *Barbara* and *Mignogna* concerned the federal officer removal statute which, unlike the bankruptcy and general removal statutes, allows a court to exercise jurisdiction regardless of whether the action could have been initiated in federal court.

*Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 113 (2d Cir. 1988) (internal quotation marks omitted); *see United States v. Dauray*, 215 F.3d 257, 261 n.1 (2d Cir. 2000) (same); *see also United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) (en banc) (stating that a court is not bound by a statement of law "where it is merely a prelude to another legal issue that commands the panel's full attention") (*cited with approval in United States v. Hardwick*, 523 F.3d 94, 101 n.5 (2d Cir. 2008)).  Accordingly, our prior holding in *MTBE* did not foreclose the District Court's conclusion that OCWD's challenge to bankruptcy removal under the governmental unit exception was waived pursuant to § 1447(c).

### 2.    Abstention for Lack of "Core" Bankruptcy Jurisdiction

OCWD also asserts that the District Court was required to abstain (and therefore to remand to the state court of origin) pursuant to 28 U.S.C. § 1334(c)(2) because OCWD's claims neither "aris[e] under Title 11" nor do they "aris[e] in or relate[ ] to cases under title 11."  *See* 28 U.S.C. § 1334(a)-(b).  The District Court rejected this argument, *MTBE*, 522 F. Supp. 2d at 566-68, and OCWD does not contend that its approach is compelled by this Court's prior opinion in *MTBE*.  To the contrary, OCWD acknowledges that this Court had "no occasion" in *MTBE* to resolve whether the District Court "had 'core' bankruptcy jurisdiction."  Pet. at 12.  We therefore do not address OCWD's argument because of the "general rule that [we] avoid determining jurisdictional issues on a petition for mandamus."  *In re Ivy*, 901 F.2d at 10.  Instead, we will reserve this issue until it appears in the course of ordinary appellate review.

### CONCLUSION

For the foregoing reasons, OCWD's petition for writ of mandamus is DENIED.

14