11-2901-cv
People v. Smith

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges.*

-----------------------------------------------------------------------
PEOPLE OF THE STATE OF NEW YORK,
                    *Plaintiff-Appellee*,

          v.                                        No. 11-2901-cv

JONATHAN K. SMITH,
                    *Defendant-Appellant.*
-----------------------------------------------------------------------

FOR APPELLANT:          Scott Michael Moore, Esq., New York, New York.

FOR APPELLEE:           Matthew W. Grieco, Steven C. Wu, Assistant Solicitors General, of Counsel, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final order entered on June 17, 2011, is AFFIRMED.

Defendant Jonathan Smith, who faces criminal charges in New York for using "improper shellfish tags," see N.Y. Envtl. Conserv. Law § 13-0319, appeals from an order remanding this removed criminal case to the New York Criminal Court, Bronx County. We have jurisdiction under 28 U.S.C. § 1447(d) to hear this appeal from an order of remand, which we review de novo. See Shapiro v. Logistec USA Inc., 412 F.3d 307, 310 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

On appeal, Smith does not contend that he properly removed this criminal case to federal court pursuant to 28 U.S.C. § 1443(1) (providing for removal of civil actions or criminal prosecutions in circumstances where state will not protect equal rights as expressly provided by federal law). Rather, Smith argues only that a failure to comply with § 1443(1) is a purely procedural defect, which can be waived, as opposed to a defect in subject matter jurisdiction, which cannot. He maintains that the State of New York waived any § 1443(1) defect in removal by failing to seek remand "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447©.

2

Smith's arguments are unavailing.  In the absence of § 1443(1), the district court could not exercise subject matter jurisdiction over a state criminal prosecution.  "Where a federal court lacks jurisdiction independent of the removal statute, a substantive defect in removal is not waiv[able] under § 1447(c) because a substantive challenge to removal may be an implicit challenge to the court's subject matter jurisdiction."  Orange Cnty. Water Dist. v. Unocal Corp., 584 F.3d 43, 50 (2d Cir. 2009) (emphasis omitted) (concerning removal under 28 U.S.C. § 1452(a)).  Thus, because § 1443(1) "provides both a procedural mechanism and subject matter jurisdiction," id., the State did not waive its ability to challenge Smith's reliance on that statute to support the removal of his case by failing timely to move for a remand under § 1447(c).  Cf. Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40–43 (2d Cir. 1991) (concluding sua sponte that defect in removal pursuant to § 1442(a)(1) created nonwaivable defect in subject matter jurisdiction).

Because Smith does not challenge the district court's determination that he failed to satisfy § 1443(1)'s requirements for removal, any such argument is abandoned.  See, e.g., Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011) (stating that issues about which "brief on appeal contains no argument" are deemed abandoned).  Even were we to reach the merits of his invocation of federal jurisdiction, however, we would afford Smith no relief.  Insofar as Smith removed this criminal action and then sought its dismissal "on the basis of federally protected Indian fishing rights" arising under various non-specific laws, documents, and constitutional provisions, Moore Letter to Judge Hurley at 5 (Oct. 6, 2010), that is the type

of broad contention not based on a "law providing for specific civil rights stated in terms of racial equality," Georgia v. Rachel, 384 U.S. 780, 792 (1966), that the Supreme Court has declared does not meet the strictures of § 1443(1). Smith identifies no federal law conferring upon him an absolute right to ignore shellfish tagging requirements off-reservation. Nor does Smith offer any reason for us to conclude that the New York State courts cannot protect whatever federal rights he may assert in his criminal proceeding or "that those rights will inevitably be denied." City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966); accord Emigrant Sav. Bank v. Elan Mgmt. Corp., 668 F.2d 671, 676 (2d Cir. 1982) (holding mere apprehension that state court will fail to uphold federal civil right insufficient for removal under § 1443(1)).

Accordingly, the remand order is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4