20-3711-cv
*Pierno v. Fidelity Brokerage Servs., LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> EUNICE C. LEE,
> > *Circuit Judges*.

---

RINALDO PIERNO,

> *Plaintiff-Appellant*,

v.                                                    20-3711-cv

FIDELITY BROKERAGE SERVICES, LLC,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:              RINALDO B. PIERNO, *pro se*, Brooklyn, NY.

For Defendant-Appellee:              DAVID J. LIBOWSKY (Andrew T. Mount, *on the brief*), Bressler, Amery & Ross, P.C., New York, NY.

Appeal from the October 6 and October 22, 2020 orders of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED** and the pending motions are **DENIED**.

Rinaldo B. Pierno ("Pierno"), *pro se*, sued Fidelity Brokerage Services, LLC ("Fidelity"), challenging both the arbitration clause in Fidelity's customer agreement and its actions against his brokerage accounts. Fidelity froze Pierno's accounts after noticing a transfer of assets into Pierno's personal account from an account where he served as trustee. Pierno sought a declaratory judgment that (1) Fidelity could not interfere with his actions as trustee and (2) he was not required to arbitrate his claims. The district court determined that the arbitration clause governed and stayed the proceedings pending arbitration. *Pierno v. Fidelity Brokerage Servs., LLC*, No. 18-cv-3384, 2019 WL 233489, at *1 (S.D.N.Y. Jan. 16, 2019). After over a year in which Pierno failed to initiate arbitration proceedings but filed motions requesting a jury trial, the district court dismissed the action for failure to prosecute. Pierno appeals. He also files a motion for a writ of mandamus or a writ of prohibition, as well as a motion to supplement the record on appeal. For the reasons set forth herein, we affirm the district court's orders and deny Pierno's pending motions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1.     Breach of Contract Claim**

Pierno first challenges the district court's October 6, 2020 order, in which the court denied his motion for court adjudication of his breach-of-contract claim. In that order, the district court

noted that it had already ruled that Pierno's claim could proceed only in arbitration, and that Pierno could not avoid that ruling by refusing to participate in arbitration proceedings. Pierno references the October 6 order in a chronology of events in his brief, but he waives any challenge to this order by failing to raise any argument on the subject within his briefing on appeal. While we liberally construe *pro se* briefs, "reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks and citation omitted), we do not address arguments where none have been raised. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam).

Pierno *does* argue on appeal that the Federal Arbitration Act ("FAA") is unconstitutional. However, this argument does not refer to the district court's order denying a jury trial (nor to its order dismissing the case for failure to prosecute), but instead broadly asserts that the FAA unconstitutionally delegates judicial power to non–Article III tribunals and violates anti-commandeering principles. Even if we interpret Pierno's argument to challenge the orders being appealed, his claim is meritless.[1] The Supreme Court has repeatedly affirmed the FAA's constitutionality. *See, e.g.*, *Perry v. Thomas*, 482 U.S. 483, 490 (1987) (stating that the FAA "embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause"); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967) (concluding it was "clear beyond dispute" that the FAA was valid under the

---

[1] Pierno argues that New York law, not the FAA, controls arbitration clauses, but we do not consider this claim because it was not raised in the district court. *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and citation omitted)).

3

Commerce Clause).[2]

### 2.    Dismissal for Failure to Prosecute

Pierno also challenges the district court's October 22, 2020 order dismissing his action for failure to prosecute, arguing that Fidelity was required to initiate the arbitration proceedings.   We review a dismissal for failure to prosecute for abuse of discretion.   *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009).   In doing so, we are "mindful that [such a] dismissal . . . is a harsh remedy" that should not be utilized frequently.   *Id.* at 575–76 (internal quotation marks and citation omitted).   When reviewing a dismissal for failure to prosecute, we consider five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The district court's dismissal for failure to prosecute was not an abuse of discretion. Pierno failed to initiate arbitration proceedings for over a year and a half, a delay substantially longer than other delays that we have determined to be sufficient to support a dismissal for failure to prosecute.   *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (characterizing a delay of nearly eight months as a "delay of significant duration" (citing *Drake*, 375 F.3d at 254)); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir.

---

[2] Pierno argues that the district court improperly delegated the question of arbitrability to the magistrate judge.  But this issue was not delegated to the magistrate judge for a decision, but rather, was referred to the magistrate judge with a request for a report and recommendation.  *See* Dkt. 17.   Thereafter, the matter was decided by the district judge.

4

1982) (noting that delays that are "merely a matter of months" may support dismissal); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (concluding that a six-month delay sufficed for dismissal).

Pierno admitted to the district court that his delay was intentional, stating, "I have refused to participate in FINRA arbitration," Dkt. 42, and that he would continue to refuse to initiate arbitration, even though the court had provided notice that the action could be dismissed if no arbitration proceedings began. Pierno appears to have believed that it was Fidelity's responsibility to initiate arbitration, and argues that Fidelity never notified him of an arbitration forum. However, under the parties' customer agreement, it was Pierno's responsibility to initiate arbitration proceedings, as he was the party with a grievance. Pierno conceded that Fidelity informed him of this responsibility. Regardless, he asserts that under 9 U.S.C. § 3, the party seeking a stay of the district court proceedings to pursue arbitration is responsible for initiating arbitration proceedings. However, under Section 3, a district court *may* lift a stay if the party who originally sought it defaults on its obligations in arbitration. Here, Fidelity was not in default, as it was not required to initiate arbitration proceedings. Pierno was required to initiate proceedings, and was thus responsible for the delay.[3]

---

[3] Pierno also argues that the customer agreement required Fidelity to designate an arbitration forum if the customer does "not notify [Fidelity] in writing . . . within five days" of their forum choice. Appellant's Br. at 8 (quoting Fidelity's customer service agreement). This argument is also meritless. The portion of the agreement cited by Pierno applies only after a customer initiates arbitration proceedings and only if the customer's chosen forum fails to follow appropriate guidelines. If so, the agreement requires the customer to designate a different arbitration forum; if the customer does not do so within five days, Fidelity has the authority to notify the customer which one it has chosen. The agreement also states that a customer can designate a forum *if* they receive "a written demand for arbitration" from the company, but it does not mandate that Fidelity commence arbitration if a customer initiated a dispute. Appellant's App'x at 13.

The district court's order also satisfies the fourth and fifth factors informing our review of a dismissal for failure to prosecute. It was reasonable for the district court to believe it needed to "alleviate . . . congestion" by dismissing the case; after the court asked for a joint status report on the arbitration, Pierno filed two motions and a letter in which he requested a jury trial, despite the court's prior order staying proceedings until arbitration concluded. This is especially true because Pierno *could* have secured his "day in court" if he had initiated arbitration proceedings. *See Steele v. L.F. Rothschild & Co.*, 864 F.2d 1, 3 (2d Cir. 1988) (holding that a "party who has been compelled to arbitrate will have her chance to argue that the arbitral forum was the incorrect one when the arbitral award is before the district court in an action for enforcement"). Further, although the district court did not reference the possibility of lesser sanctions in its order, it had provided notice to Pierno that the case could be dismissed if he did not proceed with his claim in arbitration. *See Pierno v. Fidelity Brokerage Servs., LLC*, No. 18-cv-3384, 2020 WL 6390514, at *1 (S.D.N.Y. Oct. 6, 2020). Given Pierno's refusal to begin arbitration—which he stated to the district court multiple times—it is not clear what "efficacy" lesser sanctions would have had. Finally, although the merits of Fidelity's argument would likely not be prejudiced by further delay, it was reasonable for the district court to decide that the other factors sufficiently outweighed the third factor regarding prejudice to the defendant. *Drake*, 375 F.3d at 254 (stating that "[n]o one factor is dispositive" in reviewing a dismissal for failure to prosecute).

### 3. Pierno's Motions on Appeal

Pierno's motion for a writ of mandamus granting a jury trial or a writ of prohibition is meritless. A writ of mandamus exists only for cases with "exceptional circumstances or . . . extraordinary significance." *In re United States*, 680 F.2d 9, 12 (2d Cir. 1982). While

6

"[m]ere error . . . does not suffice to support issuance of the writ," *Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 48 (2d Cir. 2009) (per curiam) (internal quotation marks and citation omitted), a writ of mandamus may be appropriate where there is "usurpation of power, clear abuse of discretion [or] the presence of an issue of first impression," *In re United States*, 680 F.2d at 12 (internal quotation marks and citation omitted). In *Steele*, we noted that, concerning arbitration clauses, a district court should consider "whether the parties agreed to arbitrate, the scope of the arbitration agreement, and whether Congress intended [the] . . . claims to be nonarbitrable." 864 F.2d at 4 (discussing the applicability of a writ of mandamus for an arbitration-clause dispute). The magistrate judge's report and recommendation discussed each of these factors, and the district court's order adopted its analysis in full. *Pierno v. Fidelity Brokerage Servs., LLC*, No. 18-cv-3384, 2018 WL 5619980, at *3 (S.D.N.Y. July 13, 2018), *report and recommendation adopted*, 2019 WL 233489 (S.D.N.Y. Jan. 16, 2019). No "exceptional circumstances" are present here. *In re United States*, 680 F.2d at 12. Concerning the writ of prohibition, it is available as a "means of confining the inferior court to a lawful exercise of its prescribed jurisdiction," *Ex parte Republic of Peru*, 318 U.S. 578, 583 (1943), but only in "exceptional cases," *id.* at 585. This claim fails because Pierno does not raise objections to the district court's jurisdiction.[4]

                                    *        *        *

---

[4] We also deny Pierno's motion to supplement the record on appeal and his related request for this Court to take judicial notice of the exhibits contained within said motion. Under Federal Rule of Appellate Procedure 10(e)(2), a party may supplement the record on appeal if material evidence was omitted "by error or accident." But Rule 10(e)(2) is "not a device for presenting evidence to this Court that was not before the trial judge." *Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019) (internal quotation marks and citation omitted). Pierno does not address why the

We have considered all of Plaintiff-Appellant Pierno's arguments and find them to be without merit. Accordingly, we **AFFIRM** the October 6 and October 22, 2020 orders of the district court and **DENY** Pierno's pending motions on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

materials were not submitted to the district court, but merely argues that this "supplementation to the Appeal record is a vital extension of [the] argument in [the] previous briefs." Plaintiff-Appellant's Motion to Supplement Record on Appeal at 3. This argument is insufficient to support a Rule 10(e)(2) motion to supplement the record.